(22 Misc. Rep. 351.)

SZERLIP v. BAIER.

(Supreme Court, Appellate Term. January 17, 1898.)

OPENING JUDGMENT—CONDITIONS.
    Where the motion of a defendant to set aside a judgment taken against him by default in a district court, on the ground that no summons had been served on him, has been duly denied, with costs, the payment of such costs should be imposed as a condition to the granting of a subsequent motion to open the judgment and allow defendant to defend on the merits.

Appeal from Fifth district court.

Action by Frieda Szerlip against Franz Baier. From an order opening a default, plaintiff appeals. Modified.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

A. B. Schleimer, for appellant.

A. H. Berrick, for respondent.

McADAM, J. The plaintiff recovered judgment against the defendant by default in the Fifth district court October 3, 1896. The defendant moved to set the judgment aside upon the ground that the summons had not been served upon him, and that the court, in consequence, had no jurisdiction. The justice ordered a reference as to the facts, and upon the coming in of the report the evidence was treated as the depositions of the witnesses, and after argumnet the justice granted the motion, and vacated the judgment, with costs. Upon appeal the order was reversed, with costs. 21 Misc. Rep. 331, 47 N. Y. Supp. 133. These costs were taxed by the clerk October 21, 1897, at $73, for which the plaintiff entered judgment. The de-

fendant thereafter moved to set aside the taxation and judgment, and by an order entered November 24, 1897, the motion was denied, with $10 costs. 21 Misc. Rep. 692, 47 N. Y. Supp. 1081. After the reversal of the order setting aside the judgment for nonservice of process, the defendant moved to open the judgment so that he might be permitted to come in, and defend on the merits. The motion was granted November 12, 1897, on payment by defandant to plaintiff of $10 costs. From this order the plaintiff has taken the present appeal.

Section 1367 of the consolidation act, applicable to district courts (as amended by Laws 1896, c. 748), provides that "the court, or any justice holding the same, may at any time, upon motion made upon such notice as the justice may direct, open any default, and set aside, vacate or modify any judgment entered thereon, and set the cause down for pleading, hearing or trial, as the case may require, upon such terms and conditions as the court or justice may deem proper." Under this provision, the justice, in his discretion, had power to make the order appealed from, and we find no abuse of that discretion except in reference to the terms imposed. The defendant having previously moved to set aside the same judgment, and by his motion put the plaintiff to an expense of $73, the payment of this sum ought to have been imposed as one of the conditions of opening the judgment. The order appealed from will therefore be modified by directing that the motion to open the judgment be granted, and the defendant allowed to interpose an answer on the merits, on payment by the defendant to plaintiff, within five days after the service of the order to be entered hereon, of $10 motion costs and the $73 represented by the judgment of October 21, 1897; that upon such payment a trial be had at a time to be specified in the order; that said judgment stand as security; and that, if said terms are not complied with within the time specified, the said motion be denied. The payment of the $10 costs imposed by the order of the appellate term, November 24, 1897, is not made a condition of opening the judgment, for the reason that they were awarded after the order appealed from was made, and the matter could not, therefore, have been considered by the justice below in making his order.

As modified, the order appealed from will be affirmed, without costs. All concur.