(24 Misc. Rep. 701.)

## SCHWARTZ v. SCHENDEL.

(Supreme Court, Appellate Term. October 5, 1898.)

1. JUDGMENTS—OPENING DEFAULT—REVIEW—DISCRETION.
   Under Laws 1896, c. 748, which provides that the district court of New York City may at any time open any default, and set aside any judgment entered thereon, on such terms and conditions as the justice may deem proper, and that from such an order an appeal shall lie as from a judgment of said court, the supreme court has power to review such an order setting aside a default.

2. SAME—CONDITIONS—COSTS.
   Under Laws 1896, c. 748, which provides that the district court of New York City may at any time open any default, and set aside any judgment entered thereon, on such terms and conditions as the justice may deem proper, and that the justice "may award such costs, not exceeding $10, as a condition for opening such default, * * * as in his discretion shall be just and proper," the justice cannot, as a condition for setting aside a default, impose the costs embraced in the judgment by default in addition to $10 general costs.

3. SAME—SECURITY.
   Under Laws 1896, c. 748, which provides that the district court of New York City may at any time open any default, and set aside any judgment entered thereon, on such terms and conditions as the justice may deem proper, and that the justice may, as a condition, order the defendant to give an undertaking not to sell or transfer any of his property to hinder plaintiff in the collection of his claim, the court cannot, as a condition for

opening a default, require defendant to deposit with the clerk the amount
of plaintiff's claim.

4. SAME—MODIFICATION ON APPEAL—PROCEEDINGS BELOW.

Where an order of the district court of New York City opening a de-
fault has been modified by the supreme court, the order should be pre-
sented for settlement.

5. SAME.

Where an order of the district court of New York City opening a de-
fault has been modified, the order should contain a provision setting the
cause down for trial on a day to be designated therein.

6. SAME.

Where an order of the district court of New York City opening a de-
fault on certain conditions has been vacated for noncompliance with such
conditions, an order of the supreme court modifying the first order as to
conditions will supersede the subsequent order vacating the order ap-
pealed from.

7. SAME.

Where a judgment by default against a defendant has been vacated on
appeal, defendant may, on the day fixed by the appellate court for trial,
appear, and defend without further question.

Appeal from Second district court.

Action by Olga Schwartz against Simon Schendel. Defendant
appeals from an order imposing conditions upon opening a default
against him. Order modified and affirmed, without costs.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and
GIEGERICH, JJ.

Benno Loewy, for appellant.
Abraham B. Schleimer, for respondent.

BEEKMAN, P. J. In opening defendant's default, the court below
imposed the following conditions: (1) The payment of $10 costs; (2)
the payment of the costs embraced in the judgment by default,
amounting to $17.50; (3) the payment of $16.50 for witness fees;
(4) the deposit with the clerk of $200, the amount of the plaintiff's
claim. The defendant appeals from only so much of the order as im-
poses the conditions above mentioned. The objection is made that
this court has no power to review the terms upon which such an order
is made, on the ground that, under chapter 748 of the Laws of 1896,
which confers authority upon the court below to open such defaults,
the conditions which may be imposed rest solely in the discretion of
the justice. Such, however, is not the law. The same statute which
confers jurisdiction upon the lower court declares broadly and with-
out limitation that an appeal from the order may be taken to this
court; and while we will not ordinarily undertake to review a discre-
tion which has been exercised below within reasonable limits, we con-
sider this court free to correct any abuse of such discretion, and cer-
tainly any excess of authority which the order may disclose. The
action of the justice in opening the default in this case was un-
doubtedly right, and was called for by the facts presented on the
motion; but in view of the stipulation of counsel and the direction of
the court for a peremptory trial on the adjourned day, we are not dis-
posed to hold with the counsel for the defendant that the justice should
not have imposed any conditions whatever in so doing. We are of

the opinion, however, that the justice had no power' to require the payment of the costs awarded in the judgment entered upon the default, or to exact the deposit of the sum of $200 as security for the payment of the plaintiff's claim if a recovery should be had by him in this action. While it is true that chapter 748 of the Laws of 1896 authorizes the court or justice to open defaults, and to set aside judgments entered thereon, "upon such terms and conditions as the court or justice may deem proper," it also provides that the justice "may award such costs, not exceeding ten dollars, as a condition for opening any such default." A special provision, such as this, must be regarded as qualifying and limiting the general power expressed in the broad terms first above quoted, and as expressing the only authority which is conferred to impose the payment of costs as a condition of granting the relief asked for. When, therefore, the trial justice required the defendant in this case, as he did, to pay $10 costs, he exhausted his authority in that regard, and the exaction of the payment of further costs was without warrant of law.

The counsel for the plaintiff cites the case of Szerlip v. Baier, 22 Misc. Rep. 351, 49 N. Y. Supp. 300, as an authority opposed to this position. We cannot agree with this view. In that case the justice required, as one of the conditions of opening the default, the payment of a judgment recovered against the defendant for $73. It is true that the recovery was for costs incurred in the action, but they were costs awarded by this court upon the reversal of an order which had been previously made, and from which an appeal had been taken. The court, in making it a condition of opening the default that this judgment should be paid, was not directing the payment of costs, as such, within the meaning of chapter 748 of the Laws of 1896. The judgment was absolute, and the defendant was bound in any event to pay it, and in requiring it to be paid the court did not in any way augment his liabilities, or subject him to the payment of costs which he was not then absolutely bound to pay.

The construction which we have given to the statute also requires us to disapprove of the condition directing the deposit by the defendant of $200, above mentioned. The act in question also contains a special provision to the effect that the justice may, "as a condition for opening any default or vacating, modifying or setting aside any judgment, order any defendant in default to give an undertaking with sufficient sureties to the effect that such defendant will not sell, assign or transfer any of his property with intent to hinder, delay or defraud the plaintiff in the collection of his claim or demand, if the plaintiff shall prevail on the trial of such action, and that such defendant or his sureties will pay the amount of any judgment recovered against such defendant in such action." The record shows that the provision for the deposit of money contained in the order was based upon some proof tending to show that the defendant contemplated transferring his property so as to place it beyond the reach of an execution. It was, therefore, competent for the court to secure the plaintiff against any such action, but it could only be done in conformity with the special provision in that behalf which we have quoted, and which must be construed as excluding the adoption of any other method for that pur-

pose than that which the statute thus specifically sanctions.    It must
be remembered that the jurisdiction of the municipal court of the city
of New York and its justices is purely statutory, and does not extend
beyond that which is clearly conferred by legislative act.    We are
therefore of the opinion that the order in question should be modified
by striking out the second and fourth provisions as above numbered,
and by substituting for the fourth provision a requirement that the
defendant give an undertaking in the sum of $200, conditioned as the
statute prescribes, and that, as so modified, it be affirmed, without
costs.    The order should be presented for settlement, and should con-
tain a provision setting the cause down for trial on a day to be desig-
nated therein.    In order to avoid further complications and appeals,
we desire to say that the effect of the order on this appeal will be to
supersede the subsequent order made by the justice vacating the order
appealed from on the ground of noncompliance with the conditions
which it exacted; and as we have also vacated the judgment recov-
ered on the default upon the appeal taken therefrom, the defendant,
on the day to be fixed by us for the trial, is entitled to appear and de-
fend the action without further question.

Order modified accordingly, and, as so modified, affirmed, without
costs.    All concur.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-
GERICH, JJ.