MARSH et al. v. NASSAU SHOW–CASE CO.

(Supreme Court, Appellate Term.   March 24, 1899.)

1. MUNICIPAL COURTS—APPLICATION FOR ADJOURNMENT.
   Under Greater New York Charter, § 1377, providing that the rules of the supreme court shall apply to municipal courts, where an attorney, pursuant to rule 5 of the supreme court, applies to a municipal court for adjournment, and presents an affidavit that he is actually engaged in the supreme court, the justice errs in not granting it.

2. SAME—OPENING DEFAULT—ERROR CURED.
   Where the justice refuses such an application, and permits plaintiff to take judgment, the error is not cured by opening the default, where terms are imposed on defendant.

Appeal from municipal court, borough of Manhattan, first district.

Action by Marsh & McClennen against the Nassau Show-Case Company.   From a judgment of inquest, and an order granting defendant's motion to open the default conditionally, it appeals.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

McKelvey & Mattocks, for appellant.

Wilder & Anderson, for respondents.

MacLEAN, J.   This case having been called upon the day calendar of January 19, 1899, for trial, a representative of the defendant's attorneys applied for an adjournment, and presented and filed an affidavit, verified on that day, wherein the affiant deposed that he was one of the attorneys, and had charge of the above-entitled action; that he was actually engaged in the trial of a case (named) in the supreme court, New York county, trial term, part 7, and would be unable to proceed with the trial of this case on that date.   As there was presented to him the very affidavit contemplated in rule 5 of the rules to regulate calendar practice in this department, including the practice in the municipal court (section 1377, Greater New York Charter), the justice erred in not granting the application, and in permitting the plaintiff to take an inquest and recover judgment.   This error was not cured by opening the default upon a motion made and heard upon conflicting affidavits, with the imposition of terms upon the defendant. The judgment appealed from should be reversed, and the order vacated, with costs to the appellant.

Judgment reversed, and order vacated, with costs.   All concur.