### GELB v. CUFF.

(Supreme Court, Appellate Term. April 24, 1905.)

1. **MUNICIPAL COURT—NEW TRIAL—CONDITIONS.**

   The Municipal Court being purely a creature of the Municipal Court act (Laws 1902, p. 1563, c. 580), it had no jurisdiction, on granting a new trial for newly discovered evidence, to impose conditions other than those specified by section 256.

2. **SAME—PARTIES.**

   Where defendant moved for a new trial on the ground of newly discovered evidence that, two months before the commencement of the action, plaintiff had transferred all his business assets, including the claim in question, to B., as trustee, the court, on granting a new trial, had no power to require that B. be joined as a party plaintiff; such requirement being, in effect, to permit a new action against defendant, in violation of Municipal Court Act, § 26 (Laws 1902, p. 1498, c. 580), limiting the court's jurisdiction over the parties by requiring either service of a summons or voluntary appearance of and joinder of issues by the parties.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Emerich Gelb against William E. Cuff. From that portion of the Municipal Court order granting defendant's motion for a new trial as imposed conditions, he appeals. Modified.

Argued before SCOTT, LEVENTRITT, and GREENBAUM, JJ.

John Reilly, for appellant.
Ira B. Wheeler, for respondent.

GREENBAUM, J. It is not disputed but that the facts set forth in the affidavits of the defendant upon his motion that the judgment theretofore entered against him be set aside, and a new trial granted, on the ground of newly discovered evidence, warranted the exercise of the power of the justice in favor of the defendant. It is therefore only necessary to consider the power of the justice to impose, in addition to the payment by defendant of $10 costs, and that the judgment entered stand as security, the condition that defendant consent "in writing that William Bianchi, at plaintiff's election, may be either substituted or joined as party

plaintiff in this action." The appeal is taken from that portion of the order which imposes the last-mentioned condition.

Section 255 of the Municipal Court act (Laws 1902, p. 1563, c. 580) authorizes the court to grant or deny a motion for a new trial on the ground of newly discovered evidence, and section 256 defines the conditions which the court may impose for setting aside a judgment in such a case. "The Municipal Court is purely a creature of the statute, and has no jurisdiction not specially conferred thereby." Leavitt v. Katzoff, 43 Misc. Rep. 27, 86 N. Y. Supp. 495. The question here presented was substantially involved in the case of Schwartz v. Schendel, 24 Misc. Rep. 701, 53 N. Y. Supp. 773, where this court held that the justice of a Municipal Court exceeded his authority in imposing costs, beyond those prescribed by statute, upon an application to open a default.

One of the grounds here urged upon the motion for a new trial was that the defendant, after the entry of judgment, discovered that the plaintiff, two months before the commencement of this action, had transferred to one William Bianchi, as trustee, all his business assets. If the defendant can show that plaintiff has no standing in court, he would be entitled to a dismissal of the complaint, with costs. The joining of Bianchi as a party plaintiff would seem to be purposeless. Either Bianchi or plaintiff is the legal owner of the alleged claim. Both cannot maintain the action. If Bianchi be the owner, the court is virtually compelling defendant to submit to a litigation which Bianchi may not deem proper to bring, and the court would, in effect, permit a new action to be brought against a defendant in violation of section 26 of the Municipal Court act (Laws 1902, p. 1498, c. 580), which limits the jurisdiction of the court over the parties by requiring either "the service of a summons or the voluntary appearance of and joinder of issues by the parties." Bianchi has no standing in this action, and if the facts alleged in the moving affidavits entitle the defendant to the relief desired, as, indeed, is not denied, then justice requires that the motion be granted upon terms permitted by the statute, and that all conditions in excess thereof be eliminated.

The order should be modified by striking therefrom the portion from which the appeal is taken.

Order modified accordingly, and, as so modified, affirmed, with costs. All concur.