(53 Misc. Rep. 538)

## DORFMAN v. HIRSCHFIELD.

(Supreme Court, Appellate Term.   April 10, 1907.)

1. COURTS—MUNICIPAL COURTS—APPLICATION FOR ADJOURNMENT.

Where an attorney applies to a Municipal Court for an adjournment, and presents an affidavit that he is actually engaged in the Supreme Court, he is entitled to an adjournment as a matter of legal right.

2. JUDGMENT—OPENING DEFAULT—IMPOSING TERMS.

Where a default was taken, notwithstanding the attorney presented an affidavit that he was actually engaged in the Supreme Court, it is error for the court to impose terms afterwards in opening the default.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 326.]

3. COURTS—MUNICIPAL COURT—ORDERS APPEALABLE.

Under Municipal Court Act, Laws 1902, p. 1486, c. 580, an order opening a default, but not vacating a judgment, is appealable.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Kiba Dorfman against Morris Hirschfield.   From an order allowing defendant to open his default, plaintiff appeals.   Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Abraham Oberstein, for appellant.

David Kornblueh, for respondent.

GILDERSLEEVE, P. J.   Upon December 5, 1906, the day to which the above-entitled action had been adjourned, the clerk of the defendant's attorney appeared upon the call of the case and presented an affidavit made by defendant's attorney to the effect that said attorney was then actually engaged in Trial Term, Part 1, Supreme Court, Kings County, in a case (naming it) which on the day before had been reached on the call calendar of that court, and that defendant and his witnesses had waited to be assigned to a trial part, and would be so assigned on December 5th, and that the trial would take all day.   The clerk also stated that he had been in telephonic communication that morning with said attorney, and that he was actually engaged in the trial of said action, and asked that the case be adjourned pending such engagement of defendant's attorney.   The court refused such request and ordered an inquest, which was taken, and judgment rendered and entered in favor of the plaintiff for the amount claimed by him.   Subsequently a motion was made to open the defendant's default, when the foregoing facts were made to appear. The motion was made upon an order to show cause, and the order appealed from is dated December 19, 1906, and recites that:

"This motion is granted, and the action is set down for the 24th day of December, 1906, upon condition, however, that the defendant pay to the plaintiff, or his attorney, the sum of $10 costs of this motion, on or before the 21st day of December, 1906; otherwise, the said motion is denied."

The figure "1" in the order has clearly been written in ink over the typewritten cipher in the figures "20," thus making the time in which to comply therewith the 21st.   The indorsement upon the moving

papers, evidently made by the justice, differs from the order above mentioned by requiring the payment of the $10 costs by the defendant on or before "the 20th inst.," and it is claimed by the appellant that the order was served on the 20th of December, but not in time to enable him to comply with the terms thereof.

It will be observed that the order does not vacate the judgment, and provides that, unless the $10 costs was paid within the time limit, the motion is to be denied. It is quite clear that the court erred in refusing an adjournment upon the grounds stated by the defendant. The affidavit presented to the court by the defendant's attorney showed an actual engagement in the Supreme Court of Brooklyn; both sides in that case having answered "Ready" and being present in court with their witnesses. The defendant was therefore entitled to an adjournment as a matter of legal right. Marsh v. Nassau Showcase Co., 56 N. Y. Supp. 1083, 26 Misc. Rep. 467. The court was likewise in error in imposing terms as a condition for opening the default. Marsh v. Nassau Showcase Co., supra.

It is urged by the respondent that the order is not an appealable one. We do not agree with this contention. The Municipal Court act (Laws 1902, p. 1563, c. 580) provides that orders specified in the four sections preceding section 257 may be appealed from as from a judgment, making an exception only in the case of an order "opening a default and vacating a judgment entered thereon." The two requisites of such an order are the opening of the default and the vacating of the judgment. The legislative intention that both essentials must be complied with is made clear by section 258, which provides the only terms that can be imposed as a condition for the opening of a default, and none of those terms permit the judgment to remain as a lien during the pendency of the action.

The order made herein must be modified, by opening the default without the payment of costs, in the court below, as modified, affirmed, with costs to the appellant in this court. All concur.