Arthur L. Lee, Agent of the Steeplechase Company, etc., Respondent, v. Revolving Airship Tower Company, Appellant.

Second Department, June 5, 1908.

**Appeal — opening default — Municipal Court Act — unjust conditions.**

An appeal by a defendant from so much of an order opening a default as directs the execution of an undertaking lies under section 257 of the Municipal Court Act, where the order does not vacate a judgment as well as open the default.

Said section denies an appeal by plaintiff when the court has opened defendant's default; but not an appeal by the defendant where his motion to open a default is denied.

Where, as a condition for opening a default in summary proceedings to remove a tenant, it is required that the defendant execute and file a bond for $4,000, which sum the landlord claims as rent, the condition will be stricken out on appeal as an abuse of discretion and a practical denial of the tenant's motion.

Jenks and Miller, JJ., dissented.

Appeal by the defendant, the Revolving Airship Tower Company, from an order of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the plaintiff, entered on the 25th day of February, 1908.

*Myer Nussbaum* [*David Bernstein* with him on the brief], for the appellant.

*A. F. Van Thun, Jr.,* for the respondent.

Hooker, J.:

The petitioner obtained a final order in summary proceedings providing for the removal of the tenant from certain premises owned by the petitioner; upon the return day of the precept the tenant did not appear and a final order was entered against him. Later a motion was made by the tenant to open the default and to allow it to come in and defend. The Municipal Court granted the motion to open the default and with its conclusion in that respect we agree; as part of the order opening the default, however, it was provided as a condition that the tenant should execute and file with the clerk of the court, on or before the day which was named for the trial, an undertaking in the sum of $4,000, the amount of rent which the petitioner

claimed was due from the tenant and unpaid at the time the proceedings were instituted, which undertaking should be signed by two sureties and approved by a justice of the Municipal Court, and that the sureties should justify and the undertaking be conditioned for the payment of the said sum of $4,000 to the landlord in the event that it be determined upon the trial of this proceeding that the sum of $4,000 was due for rent as alleged in the petition; as a further condition it was provided that the tenant pay the landlord ten dollars costs and his actual disbursements in the proceedings, and in default of compliance on the part of the tenant with any of the terms of the order, it was provided that the tenant's motion to open the default be denied. The tenant has appealed to this court from so much of the order as directs the execution and filing of the undertaking named therein.

It is urged by the landlord that *perforce* of section 257 of the Municipal Court Act (Laws of 1902, chap. 580, as amd. by Laws of 1907, chap. 304) the order is not appealable; section 253 of the act provides for the opening of defaults by the Municipal Court; section 254 provides in relation to the setting aside of a verdict, the vacating, amending or modifying of a judgment in a Municipal Court; section 255 provides for the granting of a new trial in a proper case on the ground of fraud or newly-discovered evidence; section 256 relates to the terms a Municipal Court may impose as a condition for opening any default or vacating, amending, modifying or setting aside any judgment. Section 257 provides as follows: "An appeal shall lie from an order granting or denying a motion, made as provided in the *last four sections;* as from a judgment; except, that no appeal shall lie in the first instance from an order opening a default and vacating a judgment entered thereon." By the terms of section 257 an appeal lies from the order now under review, unless the proviso contained in that section is sufficiently broad to cover this case. By the language of the proviso the right of appeal is denied in cases where the order opens a default *and* vacates a judgment; strictly speaking, that is not this case; the order, it is true, opens the tenant's default and permits it to come in "and defend this proceeding," and, hence, of course, suspended the operation of the final order, but no judgment was vacated, and, hence, the proviso cannot apply.

There is another view in which I think we may consider this appeal. It seems to me from a reading of the sections which have been mentioned, that it was the intent of the Legislature. to deny the right of appeal by the party prosecuting in a case where the court has opened the defendant's default. Certainly an appeal would lie by a defendant from an order denying its motion to open a default suffered by it. In effect that is this case; the conditions imposed for opening the default are not only such as the Municipal Court has no power to grant (Mun. Ct. Act, § 256), but are in the nature of things so harsh and unjust as to be a virtual denial of the motion to open the default. The tenant claims that no rent whatever was due from it to the landlord at the time these proceedings were instituted; the landlord claims that the full sum of $4,000 was due. The issue in the Municipal Court, upon the filing of the tenant's answer to the landlord's petition, is whether or not any rent was due and unpaid at the time of the institution of the proceedings; it goes without saying that the Municipal Court had no jurisdiction to make a judicial determination that there was $4,000 due from the tenant, upon which the landlord might issue its execution and collect that or any other sum from the tenant. A finding in the Municipal Court that the landlord was entitled to the relief demanded in his petition, namely, the final order directing the removal of the tenant from the premises, could in no way be a bar to the defense by the tenant, in a proper court for rent, that this sum was not due. The financial circumstances of the defendant are not fully disclosed, and it does not appear whether it is possible for the tenant to obtain the execution of an undertaking for the sum of $4,000, conditioned for the payment of that sum if the prayer of the landlord's petition be ultimately granted; but whatever the fact may be in relation to the defendant's ability to file such an undertaking, this gross abuse of the court's discretion in relation to the imposition of terms as a condition for opening the default is in effect, we think, a practical denial of the tenant's motion; and, that being so, an appeal from so much of the order as imposes these unusual conditions lies to this court under the provisions of section 257 of the Municipal Court Act.

What we have already said indicates the view we take of the impropriety of the conditions imposed. The order appealed from

must, therefore, be modified by striking out the provision in relation to the undertaking, and as so modified affirmed, without costs to the appellant.

GAYNOR and RICH, JJ., concurred; JENKS and MILLER, JJ., dissented, on the ground that the order was not appealable in the first instance.

Order of the Municipal Court modified in accordance with the opinion, and as so modified affirmed, without costs.