1. COURTS—MUNICIPAL COURTS—DEFAULT JUDGMENT—VACATION—COSTS.

Municipal Court Act, Laws 1902, p. 1589, c. 580, § 341, requires costs to be taxed by the "clerk" and inserted in a judgment on its rendition, and provides that before any item other than costs expressly taxed by law or "granted by the justice" is allowed the party must show that the item was actually and legally incurred. Section 342 authorizes a justice to review the clerk's taxation of costs on notice; the only authority given the justice respecting the taxation of costs or disbursements. Section 253 (page 1562) authorizes the vacation of a judgment upon terms deemed proper. Section 256 (page 1563) authorizes the imposition of costs, not exceeding $10, and authorizes a requirement of a deposit of the amount of the judgment, etc., as conditions upon which a judgment will be vacated. A justice set aside defendant's default on condition that he deposit the amount of the judgment, pay plaintiff's disbursements and $10 costs of motion, "costs to be taxed on notice," and thereafter taxed plaintiff's disbursements at $80.30, according to a list prepared by plaintiff and served upon defendant. Held, that the justice's action in ordering the taxation of disbursements and in taxing them himself was unauthorized, the phrase "granted by the justice," used in section 341 (page 1589), referring to costs provided for in section 332, subd. 1 (page 1585), and other sections, making the costs discretionary with the court in particular cases, and the justice could not impose the payment of such illegally taxed disbursements as a condition upon which defendant's default would be opened; the justice being limited by section 256 (page 1563) to the terms he might impose.

2. SAME—MUNICIPAL COURTS—JURISDICTION.

A Municipal Court has no power other than that given by statute.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Bessie C. Thompson against the Hudson Building. From a judgment for plaintiff, and from an order attaching a condition to the opening of, defendant's default, defendant appeals. Order reversed, judgment vacated, default opened conditionally, and cause restored to Municipal Court calendar.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Herrick C. Allen (Frank X. Sullivan, of counsel), for appellant.
William Harman Black, for respondent.

GILDERSLEEVE, P. J. Divested of all irrelevant matters, the real issue to be determined upon, this appeal is founded upon the following facts: On February 27, 1908, the day set for the trial of this action, the defendant applied for an adjournment. This application was refused, and the plaintiff thereupon proceeded to take an inquest, and entered a judgment against the defendant for the sum of $534.41 damages and costs. This judgment was made up of the sum of $500 damages and $34.41 costs. On the same day the defendant obtained an order from the judge who tried the case to show cause why the defendant's default should not be opened. This order was returnable on February 28th. Upon the hearing of this motion, although it appears that the costs, amounting to $34.41, were already entered in the judgment, the court indorsed upon the moving papers the following:

"Motion granted, on condition that full amount of judgment be deposited with the clerk, besides paying the plaintiff all disbursements to date and $10 costs of this motion. Costs to be taxed on notice as well as order."

Thereafter the plaintiff's attorney served upon the attorney for the defendant a paper entitled in the action and headed "Costs and Disbursements." This paper contained a list of fees amounting to $50 paid to two physicians, and other fees and disbursements for the attendance of witnesses; the total amount of such fees, etc., aggregating $80.30. A notice was indorsed upon this paper to the effect:

"That the within is a copy of the items of the costs and disbursements in the within action, and the same will be taxed by Mr. Justice [the blank being filled with the name of the justice] on March 5, 1908, at the Municipal Court."

On that day, against the objection of the defendant, the trial justice taxed the bill at the said amount, and upon the bottom thereof wrote, "Costs taxed as above," and signed his name and date, "March 5, 1908." There is no authority in the Municipal Court act for any such proceeding. The justice of the Municipal Court arrogated to himself a power not given him or the court by any statute, and the proceeding on his part was wholly without foundation in law. Section 341 of the Municipal Court act (Laws 1902, p. 1589, c. 580) provides that:

"Where judgment has been rendered by the justice, costs must be taxed by the clerk and inserted in the judgment. Before any item of costs other than the costs fixed by the express provision of law or granted by the justice, or fees paid by the clerk in the action are allowed, the party must show by his affidavit or that of his attorney, that the item was actually and legally paid and incurred. All items of costs must be entered by the clerk in the docket book kept by him. The clerk shall likewise tax costs allowed by the appellate court."

The phrase "or granted by the justice" has reference to those costs provided for in section 332, subd. 1, and other sections where costs are expressly stated to be discretionary with the court. By section 342 a review of the clerk's taxation may be had, upon notice, "by the justice sitting in the district"; but that is the only power given a justice of the Municipal Court relative to the taxation of costs or disbursements. The action of the justice in ordering the taxation of costs on March 5, 1908, and in taxing costs himself, was unauthorized, and a consent to permit the justice himself to tax the costs, had one been given by the defendant, would not have conferred jurisdiction upon him to so act. Upon the day the justice taxed these costs and disbursements, he made an order, dating the same as of February 28, 1908, reciting that, a motion having been made on behalf of the defendant to vacate and set aside the judgment entered herein on February 27, 1908, etc., it was ordered that said motion be granted—

"upon condition that the defendant deposit with the clerk of this court the amount of said judgment and costs, on or before the 6th day of March, 1908, as security for the payment of any judgment which may be rendered in favor of the plaintiff herein, and shall pay to the plaintiff's attorney the sum of $80.30, the amount of plaintiff's disbursements incurred in the trial herein, together with $10 costs of this motion, * * * and, in default of defendant complying with the foregoing conditions, then the motion herein is hereby denied, with $10 costs to the plaintiff."

It is conceded that the amount of the judgment and costs were not deposited by the defendant, nor was the $80.30 paid. The defendant appeals from the order after failure by him to comply with its terms; the order then becoming one denying his motion to open his default, and therefore appealable. Clearly, if, as before stated, the justice of the lower court had no authority to tax costs and disbursements, he could not impose the payment of those disbursements, thus illegally taxed by him, as a condition for opening the defendant's default. Nor did he have any such authority by virtue of section 253 of the Municipal Court act. That section, it is true, states that "the court or a justice thereof may vacate and set aside a judgment," etc., upon such terms and conditions as the court "may deem proper"; but a subsequent section (256) limits those terms and conditions to the awarding of costs not exceeding $10, and the court may also, in addition thereto, order the defendant to deposit the amount of the judgment with the clerk of the court, or to give an undertaking, etc. Further than this the court cannot go. Gelb v. Cuff, 47 Misc. Rep. 165, 93 N. Y. Supp. 472.

A Municipal Court has no power, other than those given it by statute. The rule is that:

"Nothing shall be intended to be without the jurisdiction of a superior court but that which specially appears to be so; on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court but that which is so expressly alleged." Peacock v. Bell, 1 Saund. 73, cited with approval in Gilbert v. York, 111 N. Y. 548, 19 N. E. 268.

It is perfectly clear that section 256 was intended to define and limit the terms and conditions that a Municipal Court or a justice thereof might impose, as that section has reference to the opening of defaults and the vacating of judgments alone, and the proper terms for open-

ing defaults must be governed by the provisions of that section. Otherwise there would be no limit to the power of a justice of the Municipal Court to impose the most onerous terms, and thus practically deprive a defendant who had innocently suffered a default from ever having his day in court. Such was not the intent of the statute.

There is no merit in the plaintiff's contention that the Appellate Division, in denying the defendant's appeal from an order denying his application for a writ of prohibition, held that the Municipal Court justice had a right to require the defendant to pay the amount of plaintiff's disbursements before the default would be opened. No opinion was written by the Appellate Division, and the decision may well have been upon any one or more of several grounds. The writ was undoubtedly denied upon the ground that the defendant had an adequate remedy by appeal. People v. Marine Court, 36 Barb. 341.

The order herein must be reversed, with costs, and the judgment vacated and set aside, and the default of the defendant opened, upon payment of $10 costs to the plaintiff, and the case restored to the calendar of the Municipal Court for trial.

DAYTON, J., concurs in result. GERARD, J., concurs.