### KRAMER v. HOROWITZ.

#### (Supreme Court, Appellate Term. June 30, 1908.)

1. APPEAL AND ERROR—APPEALABLE ORDER.

An order, on a motion to open a default, that the motion be granted on condition of a deposit by defendant, if treated as one opening a default, is not appealable.

2. COURTS—MUNICIPAL COURTS—JUDGMENT—DEFAULT—CONDITION FOR OPENING.

By express provision of Municipal Court Act, Laws 1902, p. 1563, c. 580, § 256, the court may, as a condition for opening defendant's default, order him to deposit the amount of the judgment with the clerk as security.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Bela Kramer against Joseph Horowitz. From an order, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Headley M. Greene, for appellant.
Roscoe C. Peck, for respondent.

MacLEAN, J. The defendant moved by an order to show cause for the opening of his default wherein a judgment was entered against him, proposing in his motion that the judgment entered stand as security as a money judgment, or that, in the alternative, the words "Defendant subject to arrest and imprisonment" be stricken out of the judgment and of the docket thereof. Thereupon was entered an order that the motion was granted upon condition that the defendant deposited with the clerk within days named the amount of the judgment, to be security for any judgment obtained by the plaintiff, with a denial of the motion upon noncompliance with the condition. This is the order appealed from. If it be treated as one opening a default,

it is not appealable. If it be treated as a denial, as the judgment debt-
or would half have it, the order is appealable; but the appellant should
not be relieved from the condition imposed by the court, within sec-
tion 256 of the Municipal Court act (Laws 1902, p. 1563, c. 580).
    Order appealed from affirmed, with costs.

    GILDERSLEEVE P. J., concurs.  SEABURY, J., concurs in re-
sult.