EPPOLETTO v. ZUHR et al.

(Supreme Court, Appellate Term.   June 30, 1908.)

1. COURTS—MUNICIPAL COURT—COSTS—VOLUNTARY DISCONTINUANCE.

Under Municipal Court Act, Laws 1902, p. 1561, c. 580, § 248, providing that judgment shall be rendered for defendant, with costs, when plaintiff voluntarily discontinues, the Municipal Court has no power to direct, at plaintiff's election, the discontinuance of an action without costs.

2. TRIAL—CALENDAR—HOLDING CAUSE PENDING ENGAGEMENT OF COUNSEL—STIPULATIONS.

A verbal arrangement between counsel that a cause should not be proceeded with until counsel for defendant could appear is subject to the disposition of the case as directed by the trial judge, who has the control of the calendar, and who may insist on the action being tried when reached.

3. COURTS—MUNICIPAL COURT—PROCEDURE — OPENING DEFAULT JUDGMENT — CONDITIONS.

Under Municipal Court Act, Laws 1902, p. 1563, c. 580, § 256, authorizing the court, as a condition for opening a default, to require defendant to deposit the amount of the judgment or give an undertaking, the court may, on opening a default judgment in an action for rent under a written lease, rendered in violation of an agreement between counsel that the case should not be proceeded with until defendant's attorney could attend, impose as a condition that defendant deposit with the clerk the amount of the judgment, or give an undertaking in that amount; but it is error to require the deposit of a larger sum.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Thomas Eppoletto against Charles Zuhr and another. From a judgment discontinuing the action, without costs, as to William Steffen, he appeals; and from an order vacating a default judgment on specified conditions, defendant Charles Zuhr appeals. Judgment and order modified and affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

William C Relyea, for appellant Steffen.
Walter L. Bunnell, for appellant Zuhr.
Louis A. Velente, for respondent.

GILDERSLEEVE, P. J. Plaintiff brought this action to recover rent for certain premises leased to defendants. The defendant Steffen interposed the plea of infancy, and the defendant Zuhr a general denial. A judgment by default was entered against the defendants, and the default of the defendant Steffen was subsequently opened and the case set down for trial. Upon the day set for trial the plaintiff elected to discontinue the action as against Steffen. The court directed that upon such discontinuance the defendant Steffen should not be allowed any costs, and a judgment was entered in favor of the defendant against the plaintiff, but without costs. Subsequently the defendant moved for an order directing the clerk to tax the costs and disbursements of the defendant Steffen, which was denied. The defendant Steffen appeals from such judgment, and brings up for review the denial of his motion aforesaid. The default of the defendant Zuhr was also opened, but only upon condition that he should either give an undertaking in the sum of $100 to secure payment of any judgment that might be obtained against him or deposit the sum of $100 as security therefor, and the order also failed to vacate the judgment. The defendant Zuhr appeals from such order.

The plaintiff claimed the sum of $80 in his complaint. By section 248 of the Municipal Court act (Laws 1902, p. 1561, c 580), it is provided that judgment shall be rendered for the defendant, "with costs," when the plaintiff voluntarily discontinues the action. The Municipal Court has, therefore, no power to direct the discontinuance of an action without costs. Blum, Jr., Sons v. O'Connor (Sup.) 84 N. Y. Supp. 207. The judgment on the appeal of the defendant Steffen must therefore be modified by striking therefrom the words "without costs," and inserting in lieu thereof the words "with costs," and, as modified, affirmed, without costs of this appeal to either party.

The defendant Zuhr urges that the order from which he appeals did not vacate the judgment entered against him, and also imposes onerous terms, in that it requires him to deposit with the clerk the sum of $100 as security for the payment of any judgment which the plaintiff may obtain, or give an undertaking in that amount to the same effect. The reason why such terms were deemed burdensome is that the plaintiff's attorney agreed to await the appearance of the defendant's attorney from another court before proceeding with the trial, and it is urged that in violation of such agreement the plaintiff took an inquest. It is not disputed that some verbal understanding was entered into, between the attorneys for the respective parties, to the effect that the case should not be proceeded with until the defendant's attorney could attend the call of the calendar in the Second District Municipal Court, and then appear in this case, and that defendant's attorney failed to appear until an inquest had been taken and the court adjourned.

Such arrangements between counsel must be considered as being made subject to the disposition of the case as directed by the trial

judge, who has the control of the calendar in his court, and who may, as it is said was done in this case, insist on the action being tried when reached. At any rate, the violation of such an arrangement between counsel is not ground for asserting that a justice is guilty of an abuse of discretion when he opens the defendant's default upon such terms as the statute declares he may impose. This was an action for rent under a written lease signed by defendants, one pleading infancy and the other offering no affirmative defense, and the court below may well have assumed that the defendants were merely seeking delay and continuing the use of the property without rendering compensation therefor. Section 256 of the Municipal Court act provides that as a condition for opening a default, the court may require the defendant either to deposit the amount of the judgment or give an undertaking, etc. As the amount of the judgment in this case was but $80, the order should have provided that only that amount need be deposited.

Order appealed from by defendant Zuhr modified, by requiring the defendant to either deposit the sum of $80 in the court below or give an undertaking, as required by section 256, and directing that the judgment be vacated and the default be opened if the defendant complies with either of these conditions, and, as modified, affirmed, without costs to either party on this appeal. All concur.