### CLEMENT v. WHITE'S EXPRESS CO.

(Supreme Court, Appellate Term.    March 16, 1909.)

COURTS (§ 189*)—MUNICIPAL COURTS—OPENING DEFAULT—ORDER.

An order of the Municipal Court of the City of New York, opening a default, must vacate the judgment and open the default on defendant's depositing the amount of the judgment; but costs on failure to comply with the order should not be imposed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

On reargument. Former order modified and affirmed.

For former opinion, see 120 N. Y. Supp. 752.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

PER CURIAM. Upon a reargument, our attention has been called to the fact that the order opening the default of the defendant failed to vacate the judgment, while at the same time directing that the defendant deposit the amount of the judgment with the clerk of the court, and also directing that upon failure to comply with the said requirements the defendant pay the sum of $10 costs. The order in such a form was unauthorized. The judgment should have been vacated and set aside (Dorfman v. Hirschfield, 53 Misc. Rep. 538, 103 N. Y. Supp. 698), and costs upon failure to comply with the terms of the order should not have been imposed (Thompson v. Hudson Building Co., 59 Misc. Rep. 510, 110 N. Y. Supp. 1077; Lee v. Revolving Airship, 127 App. Div. 36, 111 N. Y. Supp. 28; Klotz v. Frolich, 108 N. Y. Supp. 1023).

The appeal from the judgment and order of May 27, 1909, is dismissed. The order opening the default is modified, by directing that the judgment be vacated and set aside, and that the defendant's default be opened, and the case set down for trial upon depositing with the clerk of the Municipal Court the amount of the judgment within five days; otherwise, the motion to open the default is denied, without costs, and the order, thus modified, affirmed, without costs to either party in this court.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes