### KLEIN v. SPIEGEL.

(Supreme Court, Appellate Term. May 7, 1909.)

COURTS (§ 189*)—MUNICIPAL COURTS—DEFAULT—OPENING—CONDITIONS.

Under Municipal Court Act (Laws 1902, pp. 1562, 1563, c. 580) §§ 253, 256, providing that a default may be opened upon such terms as the court may deem proper, and that the court may award costs, not exceeding $10, and, as·a condition to opening the default, order the defendant to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

deposit the amount of the judgment or give an undertaking, the court may not award $10 costs and the taxable disbursements as a condition.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Max Klein against William Spiegel. From an order denying a motion to open a default except on condition, defendant appeals. Modified as to the conditions.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Herrick C. Allen (Frank X. Sullivan, of counsel), for appellant. Herman Gottlieb, for respondent.

GILDERSLEEVE, P. J. The only question to be determined in this case is whether a Municipal Court justice can, as a condition for opening a defendant's default, setting aside and vacating a judgment, and setting the case down for trial, under the provisions of section 253 of the Municipal Court act (Laws 1902, p. 1562, c. 580), impose, not only the sum of $10 costs, but in addition thereto the plaintiff's "disbursements." Section 253 of the Municipal Court act provides that a default may be opened, etc., "upon such terms and conditions as the court may deem proper." Section 256 also has reference to defaults, and, as said by this court in Thompson v. Hudson Building Co., 59 Misc. Rep. 510, 110 N. Y. Supp. 1077:

"It is perfectly clear that section 256 was intended to define and limit the terms and conditions that a Municipal Court or a justice thereof might impose."

That section provides that the court may "award such costs, not exceeding ten dollars, for opening any default," etc. The section further provides:

"It may as a condition for opening any default * * * order any defendant to deposit the amount of the judgment with the clerk of the court or to give an undertaking," etc.

Those are the "terms and conditions" which are referred to in section 253, supra, and are the only ones specified in the act, and farther than this the court cannot go. Schwartz v. Schendel, 24 Misc. Rep. 701, 53 N. Y. Supp. 773. If the court before whom the application to open a default is made is of the opinion that the defendant should deposit the amount of the judgment or give an undertaking, a compliance with those conditions secures to the plaintiff such disbursements as he may be entitled to if he ultimately succeeds in recovering a judgment. The Municipal Court is governed solely by the language of the statute creating it, and nothing can be left to inference, especially when the statute is plain and definite.

It is provided by section 336 of the Municipal Court act that as a condition for granting an adjournment the court "may impose costs to the amount of $10 besides disbursements." When adjournments are asked for, the case has not then ripened into a judgment, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the disbursements are usually small, and the court may be justified in many instances in requiring a party applying for an adjournment to pay the necessary disbursements expended by his adversary in his preparation for trial, and those are the disbursements evidently contemplated by said section. Upon a judgment rendered by default, the costs and disbursements are contained in the judgment, and, as before stated, the plaintiff is secured for the amount of the same, if the court requires the deposit of the amount of the judgment or the giving of an undertaking. We conclude, therefore, that the court below had no authority to exact the payment of the taxable disbursements of the plaintiff as a condition for the opening of the defendant's default.

Order appealed from modified, by striking therefrom the payment of disbursements, judgment vacated and set aside, and a new trial ordered, upon payment of $10 costs, and, as modified, affirmed, without costs of this appeal to either party. All concur.