AMERICAN MFG. CO. v. WEINTRAUB et al.

(Supreme Court, Appellate Term.   November 12, 1909.)

1. JUDGMENT (§ 173*)—OPENING DEFAULT—PROCEEDINGS.

The court, upon ruling that defendants had failed to comply with the terms of an order granting a motion to open a default and that the default had not been opened should have dismissed the proceedings, and had no right to enter another judgment against defendants in the amount of the original judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 340; Dec. Dig. § 173.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—OPENING DEFAULT—TERMS.

The only terms that can be made a condition to opening a default are those specified in Municipal Court Act (Laws 1902, p. 1563, c. 580) § 256, providing that the court may require defendant to deposit the amount of the judgment, or to give an undertaking that he will not sell any of his property with intent to defraud plaintiff in the collection of his claim, and that he will pay the judgment recovered; and the court had no power to impose as a condition that an undertaking on a previous appeal continue in force to secure any judgment that might be recovered by plaintiff, nor to require that defendants procure the consent of the sureties that their liability should continue.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the American Manufacturing Company against Joseph Weintraub and another.  Judgment for plaintiff, and defendants appeal.  Reversed.

See, also, 115 N. Y. Supp. 88.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Charles W. Groll, for appellants.

Louis H. Porter (William C. Dodge, of counsel), for respondent.

GILDERSLEEVE, P. J.   The history of this case is somewhat lengthy.   Upon the return day the defendants demurred to the complaint.   The demurrer was overruled, and an interlocutory judgment entered from which the defendants appealed.   Subsequently, and on November 13, 1908, a final judgment was entered against the defendants.   They appealed to this court from both the interlocutory and final judgments.   On March 5, 1909, the interlocutory judgment was affirmed, and the appeal from the final judgment was dismissed.   Thereafter the defendants moved in the Municipal Court to open their default, and upon such motion the court made an order, the material part of which is as follows:

"Ordered, that the said motion be and the same is hereby granted, upon payment by the defendants to the plaintiff, or its attorney, of the sum of $10 costs on this motion, to be paid by the defendants to the plaintiff or its attorney on or before the day the case is tried, and upon condition that the undertaking upon appeal from the interlocutory judgment herein, executed by Max Juditsky and Louis Goldberg on November 12, 1908, and filed herein on the 17th day of November, 1908, remain and continue in full force and ef-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fect to secure any judgment that might be recovered herein in favor of the plaintiff. It is further ordered that the above-entitled action be and the same hereby is set down for trial herein on the 30th day of March, 1909. It is further ordered that, if the terms hereinbefore set forth are not complied with, the motion herein to open the default is denied."

To the entry of this order the defendants consented, and it is conceded that they paid the $10 costs imposed by said order. Upon March 30, 1909, the parties appeared before a justice of the Municipal Court other than the one who made the order aforesaid, and the plaintiff objected to the trial proceeding upon the ground that the defendants had failed to comply with the terms of the order, in "that the consent of the bondsmen on the undertaking on appeal has not been procured to have his liability continued." The defendants insisted that there was no such provision in the order, that they had fully complied with the terms of the order in paying the $10 costs, and declared that they were ready for trial, and asked to have the trial proceed. The court below held that the order had not been complied with, and that the original default had not been opened, but nevertheless thereupon entered another judgment against the defendants on April 30, 1909, for the same amount of damages and costs as that of November 13, 1908. From this last judgment, the defendants appeal.

The order would have been appealable, as it imposes conditions which the court was without power to exact; but, as neither party has appealed, it must be deemed that both parties consent to its terms. It granted the defendants' motion to open their default upon payment of $10 costs, which were paid, and, not having vacated the judgment, that remained in full force, and the liability of the sureties upon the undertaking remained unchanged. The condition, declaring that the undertaking given should remain in force as to any subsequent judgment that might be obtained by the plaintiff, the court below construed as requiring the defendants to procure the consent of the sureties thereto that their liability should continue. Whether or not that construction is correct need not be determined now, as, if it is correct, the court below should have dismissed the proceedings. It clearly had no right to enter another judgment against the defendant. Upon the motion to open the default, the court could have required the defendants to deposit the amount of the judgment or give an undertaking. Section 256, Municipal Court Act (Laws 1902, p. 1563, c. 580). It had no power to direct the continuance of the liability of the sureties under the undertaking already given, nor to exact as a condition for opening the default that the defendants should procure their consent.

As the matter now stands, the judgment appealed from was irregular and unauthorized. It should be reversed, but without costs, and without prejudice to the defendants to move in the lower court to open their default. The only terms that can be made as a condition therefor are those specified in section 256 of the Municipal Court act. Thompson v. Hudson Building Co., 59 Misc. Rep. 510, 110 N. Y. Supp. 1077, 1079.

Judgment reversed, without costs, and without prejudice to the defendants to move to open their default in the lower court. All concur.