(70 Misc. Rep. 522.)

### SUTTON v. BAYLES.

(Supreme Court, Appellate Term. February 9, 1911.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—DEFAULT JUDGMENT—OPENING DEFAULT.

    A Municipal Court or justice thereof in opening a default, as authorized by Municipal Court Act (Laws 1902, c. 580) § 253, can impose no other terms or conditions than those prescribed by section 256.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. COURTS (§ 190*)— MUNICIPAL COURTS — DECISIONS REVIEWABLE — ORDER OPENING DEFAULT JUDGMENT.

Where the Municipal Court or a justice thereof in opening a default has imposed conditions not authorized by statute, or has coupled those terms with such requirements as to practically amount to a denial of the motion to open the default, and has denied the motion unless such terms are complied with, an appeal will lie from the order, notwithstanding Municipal Court Act (Laws 1902, c. 580) § 257, providing that no appeal shall lie from an order opening a default judgment.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

3. COURTS (§ 190*)— MUNICIPAL COURTS — DECISIONS REVIEWABLE — ORDER OPENING DEFAULT JUDGMENT.

Under Municipal Court Act (Laws 1902, c. 580) § 256, authorizing such court as a condition to opening any default to order the defendant to deposit the amount of the judgment with the clerk of the court, or to give an undertaking to secure the amount of any judgment recovered against the defendant, where a default judgment against an attorney for $200 for misappropriating the funds of his client, and authorizing his arrest and imprisonment, is opened on condition that he file an undertaking with sufficient sureties to secure the amount of the judgment and costs, or deposit the amount of the judgment and costs in court, within two days, the limit of time is unjust in view of the nature of the cause of action, the amount of the judgment, and the fact that the defendant filed an affidavit of merits testifying that the complaint was false, and that he had fully accounted to the plaintiff for all moneys he had received from him, and by analogy to Municipal Court Act, § 315, giving five days for the justification of sureties on an undertaking to stay an execution on appeal, and hence the orders were appealable.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

4. COURTS (§ 190*)— MUNICIPAL COURTS — DECISIONS REVIEWABLE — ORDER OPENING DEFAULT JUDGMENT.

That a defendant endeavored to comply with unreasonable conditions attached to an order opening a default judgment against him does not deprive him of his right to appeal therefrom.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

5. COURTS (§ 190*)—MUNICIPAL COURTS—PROCEEDINGS TO TRANSFER CAUSE— NOTICE OF APPEAL.

A notice of appeal by defendant from an order opening a default judgment on unreasonable terms need not particularly specify any portion of the order.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

6. COURTS (§ 190*)—MUNICIPAL COURTS—REVIEW—MATTERS CONSIDERED.

In the absence of a specification, in a notice of appeal by a defendant from an order opening a default on unreasonable terms, of any portion of the order, the whole order may be considered.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

7. COURTS (§ 190*)—MUNICIPAL COURTS—DECISIONS REVIEWABLE — DEFAULT JUDGMENT.

An appeal will not lie from a default judgment.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Lehman, J., dissenting in part.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by McWalter B. Sutton against Chester A. Bayles. From a judgment for plaintiff and an order opening the default judgment

on terms, defendant appeals. Appeal from judgment dismissed, and order reversed, default opened, and new trial ordered.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Chester A. Bayles, in pro. per.

Max Brown, for respondent.

HENDRICK, J. On June 27, 1910, an order was entered in this action in the Municipal Court, which order, after the usual formal recitals, reads as follows:

"Ordered that the motion to open the default and to vacate and set aside the judgment taken herein be and the same is hereby granted upon condition that the defendant file an undertaking with sufficient sureties to secure the amount of the judgment and costs or deposit the amount of the judgment and costs into court on the 29th day of June, 1910, and serve a copy of the same on the attorney for the plaintiff on said day, and that the sureties justify on the 30th day of June, 1910, at 9 o'clock in the forenoon of that day at the above-named court, and that, if such sureties be found sufficient, the case is to be tried on said 30th day of June, 1910, and it is further ordered that, if said sureties are found insufficient, or default is made in any of the conditions contained herein, the motion to open the default be and the same hereby is in all respects denied, and the stay contained in the order to show cause be vacated and set aside."

The defendant failed to comply with the conditions imposed by the terms of the order and appealed therefrom. The order, it will be observed, denied the motion, absolutely, unless the conditions were complied with. The respondent strenuously contends that it is an order opening a default and that no appeal will lie from such an order.

In the case of Thompson v. Hudson Building Company, 59 Misc. Rep. 510, 110 N. Y. Supp. 1077, affirmed, 126 App. Div. 912, 110 N. Y. Supp. 1147, this court in a similar case said:

"The defendant appealed from the order after failure to comply with its terms; the order then becoming one denying his motion to open his default and therefore appealable."

In the case of Lee v. Revolving Airship Tower Co., 127 App. Div. 36, 111 N. Y. Supp. 28, the Appellate Division in the Second Department, in speaking of an order which opened a default upon certain conditions, said:

"There is another view in which, I think, we may consider this appeal. It seems to me from a reading of the sections which have been mentioned that it was the intent of the Legislature to deny the right of appeal by the party proceeding in the case when the court has opened the default. Certainly an appeal would lie by a defendant from an order denying its motion to open a default suffered by it. In effect that is this case. The conditions imposed for opening the default are not only such as the Municipal Court had no power to grant (section 256 [Laws 1902, c. 580] Municipal Court Act), but are in the nature of things so harsh and unjust as to be a virtual denial of the motion."

In Kramer v. Horowitz, 111 N. Y. Supp. 697, an order opening a default was treated as a denial of the motion, and, as the condi-

tions imposed were within the provisions of section 256 of the Municipal Court act, the order appealed from was affirmed.

In the case of Eppoletto v. Zuhr, 60 Misc. Rep. 86, 111 N. Y. Supp. 565, an order opening a default, which did not vacate the judgment, and also imposed alleged onerous terms, was appealed from, and this court entertained the appeal and modified the order. To the same effect are the cases of Klein v. Spiegel, 63 Misc. Rep. 259, 116 N. Y. Supp. 550, and American Mfg. Co. v. Weintraub, 119 N. Y. Supp. 230.

Municipal Court Act, § 253, had given power to that court, or a justice thereof, to open defaults, and has also prescribed the terms which may be imposed as a condition for opening such defaults. Section 256. No other terms or conditions can be required of the defendant than those specified in that section. "Further than this the court cannot go." Gelb v. Cuff, 47 Misc. Rep. 165, 93 N. Y. Supp. 472, and Thompson v. Hudson Building Companies, supra. If, then, the order opening a default complies with the statute and imposes only such terms as are therein specified, the plaintiff cannot appeal (section 257), and the defendant, having invoked the favor of the court and it having been granted, cannot complain, but must comply with the conditions imposed. If, however, the court or a justice in exercising its authority to open a default, has exceeded the limit laid down in the statute, and as a condition has imposed terms other than those therein named, or if it has coupled those terms with such requirements, as to their compliance, as to practically amount to a denial of the motion, and has denied the motion unless such terms are complied with, an appeal from such an order will lie. Otherwise the defendant would have no redress from an order which imposed the most harsh and unjust terms, or which required proper and legal terms to be performed in such a manner or within a time which would render compliance therewith impossible. The order in the case at bar was a self-operative order, and needed no further action of the court in case the defendant failed to comply with its provisions. Mahon v. Mahon, 62 App. Div. 620, 71 N. Y. Supp. 1141; Koransky v. Greenberg, 136 App. Div. 644, 121 N. Y. Supp. 358. And the subsequent entry of a formal order denying the motion was not necessary.

The question to be determined in this case is whether or not the order under consideration was such as to practically deny the defendant the relief sought. Although the record is largely composed of matters occurring after the granting of the order appealed from, none of those matters can be made a basis for determining this appeal. Section 256 of the Municipal Court act, after providing for the imposition of not exceeding $10 costs for opening a default, further provides:

"It may as a condition for opening any default * * * order any defendant in default to deposit the amount of the judgment with the clerk of the court or to give an undertaking with sufficient sureties to the effect that such defendant will not sell, etc., * * * and that such defendant or his sureties will pay the amount of any judgment recovered against such defendant in such action."

This section does not provide for the number of the sureties to be furnished, nor does this or any other section of the Municipal Court act fix the time in which the sureties in such an undertaking must justify. The order appealed from was granted after a hearing upon the motion had on June 27th. The defendant was required to file the undertaking on June 29th, and on the same day served a copy on the plaintiff's attorney. The sureties were required to justify on June 30th, and if found sufficient the trial was to be had on that day, or if found insufficient the motion was denied. In other words, the defendant was required to obtain sureties, get the undertaking executed, the affidavits of each surety made and verified, file the undertaking with the clerk of the court, serve a copy upon plaintiff's attorney, procure the attendance of the sureties in court, take their examination, and if they were found responsible then proceed with the trial of the case, which must of course have been prepared in the meantime, and to do all this in less than three days from the time the order was made. The object of an undertaking in such a case is to secure the plaintiff for any judgment he may eventually recover. It is for the same purpose as an undertaking given to stay an execution upon appeal. In the latter case, the Municipal Court act (section 315) provides that, when exception to the sufficiency of sureties are served, the appellant has five days in which to procure their justification or to supply new sureties. Reasoning from analogy, it would seem that the defendant should have at least an equal time in which to obtain sureties and to procure their justification upon the opening of a default, and it is hard to conceive how the plaintiff would have been harmed thereby.

In further considering whether the terms of the order are onerous or not, we may ascertain the cause of action, the amount of the judgment, and the alleged merit of the defense. The defendant is an officer of this court. He is charged in the complaint with misappropriating the funds of his client to the amount of $200. The judgment authorized the arrest and imprisonment of the defendant. The charge against him is a most serious one, and, if true, the effect of the judgment might be disastrous and far reaching. The defendant filed an affidavit of merits on his motion, and also testified therein that the charge made against him in the complaint was false and untrue, and that he had fully accounted to the plaintiff for all moneys he had received from him. Under the circumstances disclosed, we feel that the limited time given the defendant in which to procure the sureties and prepare for trial was unjust. The justice in the court below had determined that the default should be opened, and, having so decided, he ought not to have required the performance of the conditions imposed within so short a time as to practically result in a denial of the motion. That the defendant endeavored to comply with the order does not deprive him of his right to appeal therefrom, but rather shows his faith in the merit of his cause; nor was it necessary that he should particularly specify in his notice of appeal any portion of the order. In the absence of such a specification, the whole order may be considered. The defendant also ap-

pealed from the judgment entered against him by default. Such an appeal will not lie.

Appeal from judgment dismissed.

Order reversed, with costs to appellant to abide the event, default opened, and new trial ordered.

DELANY, J., concurs.

LEHMAN, J. (dissenting). I concur in the view that, where the order opening the default contains terms not authorized by the Municipal Court act or coupled with such requirements as to their compliance as to practically amount to a denial of the motion, we may regard the order as a denial of the motion, which may be reversed or modified by this court. In this case, however, I find that the terms are authorized by the Municipal Court act and the requirements as to their compliance within the sound discretion of the court.

Section 256 permits the court to order the defendant to deposit the amount of the judgment or to give an undertaking with sufficient sureties for that amount. As I read the statute, the order need not be in the alternative, but may require the deposit of the amount of the judgment without giving the right to give a bond in its place. Clement v. White's Express, 120 N. Y. Supp. 752; Kramer v. Horowitz, 111 N. Y. Supp. 697. While it may be that the purpose of the section is to provide for security, and that justice is usually best subserved by making the order in the alternative, there are instances where the permission to give a bond would by reason of the necessary delays or for other causes work a possible injustice to the plaintiff. In my opinion this case presents such an instance.

The defendant states that he is a young attorney accused of a grave direliction in his professional duties. If he is innocent, he would, it might be supposed, naturally seek to litigate the charge and to clear his name as soon as possible; yet I find from the affidavits that when the case was reached on June 20th, after repeated adjournments, he "was out of town" without a legal excuse. He urges, it is true, that he left town relying upon his attorney's statement that the plaintiff's attorney had consented to an adjournment to the 21st, but not only does his attorney not corroborate him directly, but the affidavits of the attorney are hardly reconcilable with the defendant's affidavit on this point. On the 22d day of June, the defendant obtained a stay of execution in an order to show cause returnable on June 29th, seven days thereafter and only one day before the court's summer vacation, although section 1 of the Municipal Court act expressly limits the jurisdiction of the court to grant stays of five days. The order was subsequently modified apparently on the plaintiff's demand and was made returnable on June 27th. On that date the plaintiff presented affidavits in opposition to the defendant's motion, which, if true, answer every point raised in support thereof, but consenting to open the default "upon condition that the amount of the judgment be paid into court and costs of this motion be paid on or before the 28th day of June, and that the case be set down for trial for the 29th day of June so that the case will be disposed of before

the fall." Under these circumstances the justice could in his discretion open the default upon the terms suggested by the plaintiff and was not bound to grant the defendant's motion upon less onerous terms which would result in a long delay, especially since there is ample evidence to show that the defendant's motion was not in good faith but interposed only for delay. The justice, however, apparently sought to make the terms as light as was possible without causing such delay and granted the defendant the alternative of filing a bond within a period shorter, it is true, than would usually be justified, but extending to the last day of the term. This condition was not only, in my opinion, within the sound discretion of the court, but a less onerous condition would have been an abuse of discretion.

The defendant failed to meet these terms by producing sureties who could justify or by depositing the money in court, and the judgment rendered upon his default should not be vacated.