## ANDREW MITCHELL *v.* ANTON MENKLE.

Judgment having been rendered in the Marine Court in the plaintiff's favor, on the defendant's default, and an order having been made opening the default, on condition of the payment of certain costs, and setting the cause down for trial for a day certain, the defendant not appearing on that day, and not having paid the costs, on an affidavit of that fact, the court vacated the original order opening the judgment. *Held,* regular.

On appeal from the Marine Court, this court can look only at the return of the justice.

On such appeal, this court will not review matters resting in the discretion of the court below, or questions of practice merely, unless they affect the substantial rights of the parties, and are returned by the justice as part of the proceedings in the cause.

APPEAL by defendant from a judgment of the Marine Court. The facts, as they appeared by the return, are fully stated in the

Mitchell v. Menkle.

opinion of the court.   An affidavit of the defendant's attorney was attached to the return containing an excuse for the default, on which the judgment appealed from was entered.

*Pinney and Postley*, for the appellant.

*Benj. T. Kissam*, for the respondent.

INGRAHAM, FIRST JUDGE.—In this case the defendant appeared and answered; an inquest was afterwards taken against him, which, on his application, was opened on payment of certain costs, and a day was fixed for a new trial.   On that day the defendant did not appear, and, on proof of non-payment of the costs before ordered, the court vacated the order granting a new trial, and confirmed the first judgment.

On this appeal we can only look at the return made by the justice.   In those proceedings we find no error.   The new trial was granted on certain conditions.   Those conditions were not complied with, and the defendant was not therefore entitled to the benefit of the former order; the subsequent action of the court in reversing the former order and confirming the judgment was not erroneous, although perhaps it was unnecessary, as the defendant had not taken the necessary steps to make the order so vacated in any way operative.

I have noticed on this occasion the practice of the court below, because the justice has stated it in his return, although it is not to be understood as in any way committing us to the review of matters of practice merely, in that court, unconnected with the merits.   In no case will we review such questions, resting solely in the discretion of the court below; and no questions involving the practice merely of that court can properly be matter for review here, unless they affect the substantial rights of the parties, and are returned to us by the justice as part of the proceedings in the cause.

Judgment affirmed.