WILLIAM E. D. STOKES, Respondent, *v.* EDWARD S. STOKES, Appellant.

*Condition requiring the payment of costs and the giving of a bond, imposed by an order granting a new trial — a tender of the costs and bond does not discharge the condition — if such tender be once declined it does not prevent the subsequent enforcement of the condition.*

Where a defendant who, as a condition of granting a new trial, is required to pay to the plaintiff costs and disbursements and to deliver to him an undertaking conditioned for the payment of any judgment the plaintiff may thereafter recover, offers, in compliance with the condition to pay such costs and disbursements, and to deliver such undertaking, both of which the plaintiff declines to accept on the ground that he proposes to appeal from the order granting the new trial, which he afterwards does with the result that the order is affirmed by the appellate court, the plaintiff, after such affirmance, is entitled to an order vacating the order granting the new trial, unless the defendant complies with its conditions as to the payment of costs and disbursements and the giving of the undertaking.

In such a case the offer of the defendant to perform the condition of the order granting a new trial does not satisfy and discharge the obligation imposed upon him by it; nothing but the actual payment of the costs and the delivery of the undertaking is effective for that purpose.

INGRAHAM and BARRETT, JJ., dissented.

APPEAL by the defendant, Edward S. Stokes, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the

4th day of February, 1899, vacating an order granting the defendant's motion for a new trial unless the defendant comply with certain conditions as to the payment of costs and the giving of an undertaking.

*Charles E. Hughes*, for the appellant.

*A. B. Boardman*, for the respondent.

McLAUGHLIN, J.:

After the judgment obtained by the plaintiff on the trial had been affirmed by the Court of Appeals the defendant applied to and obtained from the Special Term, upon the ground, among others, of newly-discovered evidence, a new trial upon condition, however, that within a time specified he pay to the plaintiff all the costs (except an extra allowance) and disbursements then taxable, and also deliver to him an undertaking in the sum of $50,000, conditioned for the payment of any judgment the plaintiff might thereafter recover. The defendant endeavored to comply with the conditions thus imposed by offering to pay such costs and disbursements, and to deliver the undertaking, both of which the plaintiff declined to accept on the ground that he proposed to appeal from the order granting the new trial. The plaintiff thereafter did appeal and the order was subsequently affirmed by this court. After such affirmance the plaintiff sought to induce the defendant to pay the costs and disbursements and give the undertaking, but he declined to do so upon the ground that he had complied with the order in that respect by making the offer above referred to. A motion was then made by the plaintiff to vacate the order granting the new trial unless the defendant complied with the conditions as to the payment of costs and the giving of the undertaking, and after a hearing an order was made to that effect from which the defendant appealed.

We think the order was right. The court in its discretion imposed, as a condition of the defendant's having a new trial, the payment to the plaintiff of the costs and disbursements, and also the giving of an undertaking to satisfy any judgment that the plaintiff might thereafter obtain. This condition was not satisfied by the offer made by the defendant. An offer to pay an amount due may discharge a lien, but it does not pay a debt or discharge an obligation

any more than a promise to do so does.   The defendant's offer did not satisfy and discharge the obligation imposed upon him by the order.   Nothing but the actual payment of the costs and the delivery of the undertaking could do that.   The plaintiff desired to review by appeal the order granting a new trial, and this he had a right to do, and he could not, without prejudice to his rights on the appeal, accept the costs and the undertaking at the time they were offered. He could not accept a benefit under the order and at the same time appeal from it.   The better practice undoubtedly would have been for the plaintiff to have obtained a stay pending the appeal, but there is no doubt that the Special Term had the power, in the exercise of its discretion, to excuse his neglect in this respect, and this is what it in effect did by the order appealed from.

We are of the opinion, however, that the defendant should be made good for any and all disbursements which may have been incurred by him by reason of the plaintiff's refusal to accept the costs and undertaking when offered; and for that reason the order appealed from should be modified to the extent of permitting the Special Term to determine that fact, and such disbursements, if any, should be deducted from the costs directed to be paid to the plaintiff, and as thus modified the order should be affirmed, without costs.

Van Brunt, P. J., and Rumsey, J., concurred; Ingraham and Barrett, JJ., dissented.

Ingraham, J. (dissenting):

I cannot concur in the affirmance of an order of the Special Term vacating an order which had been duly made upon notice to all the parties and upon appeal affirmed by this court.   When the new trial was originally granted it was upon condition that the defendant pay the costs of the action and give a bond to secure any judgment that the plaintiff should obtain against him.   These conditions the defendant complied with.   He tendered the costs and the bond, and the plaintiff refused to accept them, for the sole reason that he intended to appeal from the order.   He made no application, however, for a stay of proceedings or for an extension of the time within which he might elect to accept the conditions of the order,

but relied upon his appeal to vacate it. He thus elected to rely upon that appeal, and refused to accept what the court said the defendant should tender to him as a condition for granting the new trial. The plaintiff's refusal to accept the bond and costs was absolute and unconditional. There was no mistake that the plaintiff asks to be relieved from. He intended to do just what he did, viz., to refuse to accept from the defendant that which the court had imposed upon the latter as a condition for granting a new trial. The order granting the new trial having been appealed from and affirmed by this court, the plaintiff asked the court below to vacate the same order which we have affirmed unless the defendant does something else. I think such a vacation was entirely unauthorized, and that the plaintiff, having elected to rely upon his appeal without asking for an order which would extend the time within which the defendant should comply with the order then appealed from, until after the determination of the appeal, has waived his right to exact either the bond or the costs ; and there was nothing presented to the court below, on the present application, to show that such action on behalf of the plaintiff was an error or mistake that would justify the court in relieving him from the consequences of his own act.

I dissent from the affirmance of the order.

BARRETT, J. (dissenting) :

I concur with Justice INGRAHAM in his dissent. The learned judge below decided the application upon an erroneous view of the effect of an appeal from an order. He intimates that the order appealed from was suspended by the appeal. And he granted the plaintiff's application upon this theory. As I understand it, my brethren do not concur in this view. There is, in fact, no provision of the Code which sustains it. Upon an appeal from an order, a stay or suspension can only be had by an application to the court. The majority opinion places the plaintiff in precisely the same position as though he had asked for a stay or suspension. The effect of such a decision is to encourage loose practice. If the defendant had appealed from the conditions as oppressive, without asking for a stay or suspension, and had been defeated upon his appeal, he would certainly have lost his right to a new trial. He would not thereafter be permitted to fulfill conditions which he had deliber-

ately rejected. It seems to me that what would be a fair rule for the one should be a fair rule for the other. The plaintiff deliberately rejected the terms, asked no suspension of the order, and relied entirely upon his appeal. He does not say that his neglect to apply for a stay or suspension was inadvertent, and ask to be relieved. On the contrary, he demands the terms once rejected, and demands them as his right. My brethren apparently think he is entitled to them as matter of right, seemingly, however, upon a different theory from that upon which the Special Term acted. They treat the terms, namely, the costs and bond, as in the nature of a debt due by the defendant to the plaintiff. With great respect, I think this view as mistaken as that of the Special Term. The correct view of the matter is that the court granted the defendant a new trial upon certain terms and conditions. These terms and conditions were not a debt or obligation of his to the plaintiff, such as could only be satisfied by payment or extinguished by a release under seal. They were independent of any real obligation as between the parties, and were imposed by the court without regard to any such obligation. The defendant could fulfill them or not, as he pleased. The plaintiff could take them or leave them, as he pleased. It pleased the defendant to fulfill them. It pleased the plaintiff to reject them.

And now, without a suggestion of an excuse for the plaintiff's failure to apply for a stay of suspension upon the appeal, the court wipes out both the fulfillment and the rejection, compels the defendant *to* fulfill over again, and gives the plaintiff the privilege of rejecting or accepting over again.

This seems to me to be purely arbitrary. Certainly no rule of law or practice has been found to sustain it, and it establishes a dangerous precedent.

Order modified as directed in opinion, and as modified affirmed, without costs.