(134 App. Div. 491.)

### STRINGER v. BARKER.

(Supreme Court, Appellate Division, First Department. November 12, 1909.)

1. JUDGMENT (§ 174*)—OPENING DEFAULT ALREADY OPENED ON TERMS.
   An order opening a default judgment against defendant, already opened on terms by a prior order by another justice sitting at Special Term, not appealed from is wholly unauthorized.
   [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 174.*]

2. JUDGMENT (§ 163*)—OPENING DEFAULT JUDGMENT AND DEFAULT IN COMPLYING WITH PRIOR ORDER.
   The only question for consideration, on a motion to open both a default judgment against defendant and his default in complying with a prior order by another justice, opening the default on terms, is whether he should be relieved of his default in not complying with the terms of the order opening his first default.
   [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 163.*]

3. JUDGMENT (§ 173*)—OPENING DEFAULT JUDGMENT.
   The only proper order in such case would be one permitting him, with or without terms, to comply with the conditions of the first order; but even such an order is not justified, when he does not evince a willingness to comply so far as possible with the conditions imposed by paying the costs of the action and tendering a required bond.
   [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 173.*]

Appeal from Special Term, New York County.

Action by Adelia Gertrude Stringer against Charles B. Barker. From an order opening certain defaults, defendant appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

William P. Maloney, for appellant.
Rosslyn M. Cox, for respondent.

SCOTT, J. This is an appeal from an order granting defendant's motion to open certain defaults. The action is brought to enforce a power of attorney given by defendant to plaintiff, authorizing her to collect the sum of $2,500 per annum from the trustees of a certain estate in which defendant has an interest. After the cause was at issue and on the day calendar, and defendant, by his attorney, had appeared

and answered "ready," the defendant suffered what appears to have been a willful and premeditated default. Several weeks after this default, and after the decision and judgment had been signed and entered, defendant moved to open the default and for leave to come in and defend. This motion was granted by an order dated August 13, 1908, upon condition that defendant consent to a reference of the action, the judgment to stand as security, and upon the further condition that, within five days after the service of a copy of the order upon his attorney, said defendant should file a bond in the sum of $1,000 to pay the fees and disbursements of the referee, and also pay to plaintiff's attorney the costs herein as taxed. The order further provided that upon failure of defendant to comply with said conditions the motion would be denied, with $10 costs. The defendant again defaulted, by failing to file the required bond within the time limited by the order, and so far as appears has never paid or offered to pay the costs of the action. A motion to compel plaintiff to accept the bond was denied. Thereupon the defendant moved to open his "defaults," and that he be permitted to have his day in court for the purpose of defending this action. This motion was granted, upon payment of $10 costs, the judgment to stand as security. From the order granting it, plaintiff appeals.

The use of the word "defaults" in the order seems to indicate that it was intended to open both of defendant's defaults, to wit, the one suffered at Trial Term, as well as the default in complying with the order of August 13, 1908, which opened the earlier default upon terms. Of course, if the present order is intended to open the default suffered at Trial Term, it is wholly unauthorized. That question was disposed of by the order of Mr. Justice Dayton, dated August 13, 1908, which was not appealed from, and which could not be virtually vacated and set aside by another justice sitting at Special Term. The only question that could be considered upon the motion which resulted in the order appealed from was whether or not defendant should be relieved of his default in not complying with the terms of the order of August 13th, opening the default at Trial Term, and the only order that could properly be made would be one permitting him, with or without terms, to comply with the conditions of the order of August 13th. But even such an order would not, under the circumstances, be justified. The defendant has not put himself in a position to ask to be relieved of his default in complying with the conditions imposed by the order of August 13th, because he has not evinced a willingness to comply so far as possible by paying the costs of the action and tendering such a bond as was required. Furthermore, his dilatory tactics and repeated defaults do not entitle him to consideration.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.