### KORANSKY v. GREENBERG et al.

(Supreme Court, Appellate Division, First Department.   February 18, 1910.)

COURTS (§ 189*)—MUNICIPAL COURTS—VACATING CONDITIONAL ORDERS FOR NEW TRIAL.

    The Municipal Court may vacate an order granting a new trial on the payment of costs within a specified time, imposed as authorized by Municipal Court Act (Laws 1902, c. 580) § 256, on nonpayment thereof.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Special Term, New York County.

Action by Lena Koransky against Abraham Greenberg and another. From an order granting a temporary injunction, defendants appeal. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Maurice Lefkowitz, for appellants.

Maurice M. Greenstein, for respondent.

SCOTT, J. Appeal from an order granting a temporary injunction, restraining defendants and their attorneys from enforcing an execution. The action seeks the same relief, and also an adjudication that the judgment upon which the execution has been issued is void. On February 20, 1909, these defendants recovered a judgment in the Municipal Court against this plaintiff. On February 23, 1909, a transcript of this judgment was filed in the office of the clerk of the county of New York and an execution issued to the sheriff. It is said, although it is not material to the question presented on this appeal, that on the following day (February 24th) plaintiff conveyed her real property to her daughter-in-law. On February 25th an order was granted by the justice of the Municipal Court, upon plaintiff's motion, vacating the judgment and ordering a new trial. It was expressly recited in the order that the motion for a new trial was granted "upon payment of $10 costs to plaintiff's attorney within three days after the entry of this order." The order was entered on March 22, 1909, but the costs were not paid, and on April 1, 1909, the attorney for the plaintiff in that action, upon proof of nonpayment of the costs, entered an order ex parte vacating the order which set aside the judgment and reinstating that judgment.

The sole question involved is one of power in the Municipal Court. If the same state of facts had arisen in this court, it is clear that the vacation of the order for a new trial would be the proper remedy (Stokes v. Stokes, 38 App. Div. 215, 56 N. Y. Supp. 637), and such an order could properly be made upon an ex parte application (Stewart v. Berge, 4 Daly, 447). It is not questioned that under section 256 of the

Municipal Court act (Laws 1902, c. 580) the justice had the power to impose costs as a condition of granting a new trial; but it is claimed that no power is specifically given to a justice to vacate an order granting a new trial for noncompliance with a condition, and that the Municipal Court and its justices have no inherent power, but only as such as are expressly given to them. To some extent this is undoubtedly true. We are referred to a number of Appellate Term decisions wherein it has been held that a justice of the Municipal Court, having once exercised the power given him to vacate a judgment and grant a new trial, could not thereafter reconsider his action, or modify or alter his decision. Those cases are doubtless correctly decided, but they do not meet the present case; for in this case the act of the justice in vacating the order for a new trial was not, properly speaking, a reversal or modification of his former decision, but an enforcement of it. The order for a new trial, having been expressly conditioned upon payment of the costs, never became fully operative until the costs were paid, and when the time for their payment expired the order became null and inoperative. The entry of an order vacating it was merely the formal declaration of that which had been effected by the refusal to pay the costs. Mitchell v. Menckle, 1 Hilt. 142.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion for an injunction denied, with $10 costs. All concur.

---

In re COUNCIL OF FIRE DEPARTMENT OF VILLAGE OF HEMPSTEAD et al.

(Supreme Court, Special Term, Nassau County. January 31, 1910.)

1. CONTRACTS (§ 189*)—RIGHT TO TROPHIES DONATED—CONTESTS IN FIRE DEPARTMENTS.

Where a village fire department, governed by a council under Village Law (Laws 1908, c. 302) § 206, accepts a trophy to be contested for each year by the different fire companies, the one winning it three times to hold it for its own, and the P. Hose Company wins it twice, but the third time the council withdraws it from contest without right, the hose company cannot get title to the trophy by arranging and winning an unofficial contest in spite of the council's action.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 812; Dec. Dig. § 189.*]

2. CONTRACTS (§ 189*)—RIGHT TO TROPHIES DONATED—CONTESTS IN FIRE DEPARTMENTS—RELIEF GRANTED.

In such case the council cannot compel the hose company to give up possession of the trophy, though it wrongfully had the third winning engraved thereon and claimed it as its own, since no one had a better right to it than it had.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 812; Dec. Dig. § 189.*]