## HENSCHEL v. EVERETT.

(Supreme Court, Appellate Term. March 10, 1910.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—DEFAULT—VACATION—CONDITIONS.

Where a Municipal Court justice vacates a default judgment, and requires the payment of costs within a specified time as a condition for granting the motion, and the costs are not paid within the time named, he may grant an ex parte order vacating the former order and reinstating the judgment; such act not being a reversal or modification of the former decision, but an enforcement thereof.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—DEFAULT—VACATION—CONDITIONS.

Where the Municipal Court vacated a default on condition of payment of costs within a specified time, when the time for payment expired without payment made, the order became null, and the entry of an order vacating it was merely the formal declaration of that which had been effected by the refusal to pay the costs.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Herman Henschel against Abraham Everett. From a judgment for plaintiff, and from certain orders, defendant appeals. Appeal from judgment and orders dismissed.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Abraham S. Weltfisch, for appellant.

Goodale & Hanson (Helen Potter, of counsel), for respondent.

PER CURIAM. On October 26, 1909, the plaintiff obtained a judgment against the defendant herein upon an inquest and by default. On October 29, 1909, on motion duly noticed, the trial justice indorsed upon the motion papers, this decision: "Default opened upon payment of $5 costs within three days. Set for November 22d by consent"—and signed his name thereto. Such indorsement is declared by rule 3 of the Municipal Court rules to be sufficient as an order of that court. The costs thus awarded not having been paid within three days, on November 8, 1909, the plaintiff entered an ex parte order, signed by the justice, denying defendant's motion to open his default for failure to pay said costs, and vacating his former order. On the same day, but after the entry of the plaintiff's order, the trial justice signed another order, granting defendant's motion to open his default, directing that defendant pay $5 costs within three days after service of a copy of the order, with notice of entry, and vacating the judgment and setting the case down for trial on November 22d. This order was filed on November 9th, served upon the same day upon plaintiff's attorneys, and the $5 costs tendered them. On the same day the order and the costs were returned to the defendant's attorney, with a notice that an order had already been entered denying defendant's motion to open his default. On November 10th the defendant's attorney obtained another ex parte order, signed by the same justice, vacating the order of November 8th, which had been obtained by the plaintiff's at-

torneys. On November 20th plaintiff's attorneys obtained an order requiring the defendant to show cause why an order should not be made denying defendant's motion to open his default, and vacating defendant's orders of November 8th and 10th. This motion was heard by the same justice who granted the previous orders, and was granted by him, and an order made denying defendant's motion to open his default, and vacating the orders of November 8th and 10th. The defendant appeals, first, from the judgment; second, from the order of November 30th, which denied defendant's motion to open his default with $5 costs, vacated the order indorsed upon the papers, vacated the defendant's ex parte orders of November 8th and 10th, which last order vacated plaintiff's order of November 8th; and, third, from plaintiff's order of November 8th, which denied defendant's motion to open his default, with $5 costs.

In the case of Koransky v. Greenberg et al. (recently decided by the Appellate Division, not yet officially reported) 121 N. Y. Supp. 358, it was held that where a Municipal Court justice makes an order vacating a judgment, and requiring the payment of costs within a specified time as a condition for granting such motion, and the costs are not paid within the time named in said order, he may grant an ex parte order vacating his former order and reinstating the judgment; that such an act is not, "properly speaking, a reversal or modification of his former decision, but an enforcement of it. The order for a new trial, having been expressly conditioned upon the payment of the costs, never became fully operative until the costs were paid, and when the time for their payment expired the order became null and inoperative. The entry of an order vacating it was merely the formal declaration of that which had been effected by the refusal to pay the costs"—citing Mitchell v. Menkle, 1 Hilt. 142. It follows, therefore, that when the defendant herein failed to pay the costs imposed by the order of October 29th he lost the benefit of the provisions of that order, and when the ex parte order of the plaintiff was entered on November 8th the parties to the action were restored to the same situation as they were before the making of the motion by defendant to open his default. The order obtained by defendant on November 8th, and filed November 9th, which purported to open his default, was therefore unauthorized. Likewise the defendant's order of November 10th, which vacated the plaintiff's order of November 8th, was invalid. The power of the court was exhausted, so far as reviewing his previous acts, when he vacated the order of October 29th for failure of the defendant to pay the costs; but it was not precluded from making any subsequent order having for its object the carrying into effect its previous decision.

The motion made by plaintiff, which resulted in the order of November 30th, denying defendant's motion to open his default, and vacating the orders of November 8th and 10th, was evidently made with the intent to clarify the proceedings; but it was unnecessary, as the orders of the defendant were procured without jurisdiction, and the entry of the plaintiff's order of November 30th added nothing of legal value to the situation, and, as stated in the Koransky Case, "was merely the formal declaration of that which had been effected" by operation

of law. The position in which the defendant thus finds himself is due wholly to his own neglect in failing to comply with the decision of the court first made, of which order he had full knowledge.

Appeal from judgment dismissed, with $10 costs. Appeal from orders dismissed, with $10 costs.