HERMAN HENSCHEL, Respondent, *v.* ABRAHAM EVERETT, Appellant.

(Supreme Court, Appellate Term, March, 1910.)

Motions and orders — Renewal and rehearing — In general.
Municipal Courts — Jurisdiction — Municipal Court — Powers — Functus officio.

Where, the day after a judgment was taken in the Municipal Court of the city of New York upon the defendant's default, an order was made opening the default on payment of five dollars costs within three days, and, the costs not having been paid, on

the tenth day after the entry of the judgment the plaintiff entered an *ex parte* order denying the defendant's motion to open the default and vacating the previous order, the second order is not a reversal or modification of the former order but an enforcement of it and is valid.

A third order, entered the same day as the second, granting the defendant's motion and directing the payment of costs within a specified time, and a fourth order, entered two days later, vacating the second order are invalid, as the court had exhausted its power; and a subsequent motion by the plaintiff and an order made thereon denying the defendant's motion to open the default and vacating the third and fourth orders are unnecessary, and the defendant's appeals from the judgment and the first and second orders should be dismissed.

APPEAL by the defendant from a judgment and orders of the Municipal Court of the city of New York, first district, borough of Manhattan.

Abraham S. Weltfisch, for appellant.

Goodale & Hanson (Helen Potter, of counsel), for respondent.

*Per Curiam.* On October 28, 1909, the plaintiff obtained a judgment against the defendant herein upon an inquest and by default. On October 29, 1909, on motion duly noticed, the trial justice indorsed upon the motion papers this decision: "Default opened upon payment of $5 costs within three days. Set for November 22nd by consent," and signed his name thereto. Such indorsement is declared by Rule 3 of the Municipal Court Rules to be sufficient as an order of that court. The costs thus awarded not having been paid within three days, on November 8, 1909, the plaintiff entered an *ex parte* order signed by the justice denying defendant's motion to open his default for failure to pay said costs and vacating his former order. On the same day, but after the entry of the plaintiff's order, the trial justice signed another order, granting defendant's motion to open his default, directing that defendant pay five dollars costs within three days after service of a copy of the order with notice of entry, vacating the judgment and

**140** HENSCHEL *v.* EVERETT.

setting the case down for trial on November twenty-second. This order was filed on November ninth, served upon the same day upon plaintiff's attorneys, and the five dollars costs tendered them. On the same day the order and the costs were returned to the defendant's attorney with a notice that an order had already been entered denying defendant's motion to open his default. On November tenth the defendant's attorney obtained another *ex parte* order signed by the same justice, vacating the order of November eighth which had been obtained by the plaintiff's attorneys. On November twentieth, plaintiff's attorneys obtained an order requiring the defendant to show cause why an order should not be made denying defendant's motion to open his default and vacating defendant's orders of November eighth and tenth. This motion was heard by the same justice who granted the previous orders and was granted by him, and an order was made denying defendant's motion to open his default and vacating the order of November eighth and tenth. The defendant appeals, first, from the judgment; second, from the order of November thirtieth which denied defendant's motion to open his default with five dollars costs, vacated the order indorsed upon the papers, vacated the defendant's *ex parte* order of November eighth and tenth, which last order vacated plaintiff's order of November eighth; and, third, from plaintiff's order of November eighth which denied defendant's motion to open his default with five dollars costs. In the case of Koransky v. Greenberg, 136 App. Div. 644, it was held that, where a Municipal Court justice makes an order vacating a judgment and requiring the payment of costs within a specified time as a condition for granting such motion, and the costs are not paid within the time named in said order, he may grant an *ex parte* order vacating his former order and reinstating the judgment; that such an act is not, " properly speaking, a reversal or modification of his former decision, but an enforcement of it. The order for a new trial, having been expressly conditioned upon the payment of the costs, never became fully operative until the costs were paid; and, when the time for their payment expired, the order became null and inoperative. The entry

of an order vacating it was merely the formal declaration of that which had been effected by the refusal to pay the costs." Citing Mitchell v. Menken, 1 Hilt. 142. It follows, therefore, that, when the defendant herein failed to pay the costs imposed by the order of October twenty-ninth, he lost the benefit of the provisions of that order, and when the *ex parte* order of the plaintiff was entered on November eighth, the parties to the action were restored to the same situation as they were before the making of the motion by defendant to open his default. The order obtained by defendant on November eighth and filed November ninth, which purported to open his default, was, therefore, unauthorized. Likewise the defendant's order of November tenth which vacated the plaintiff's order of November eighth was invalid. The power of the court was exhausted, so far as reviewing his previous acts, when he vacated the order of October twenty-ninth for failure of the defendant to pay the costs; but it was not precluded from making any subsequent order having for its object the carrying into effect its previous decision. The motion made by plaintiff, which resulted in the order of November thirtieth, denying defendant's motion to open his default and vacating the orders of November eighth and tenth, was evidently made with the intent to clarify the proceedings; but it was unnecessary, as the orders of the defendant were procured without jurisdiction and the entry of the plaintiff's order of November thirtieth added nothing of legal value to the situation and, as stated in the Koransky case, "was merely the formal declaration of that which had been effected" by operation of law. The position in which the defendant thus finds himself is due wholly to his own neglect in failing to comply with the decision of the court first made, of which order he had full knowledge.

Present: SEABURY, GUY and WHITNEY, JJ.

Appeal from judgment dismissed, with ten dollars costs; appeal from orders dismissed, with ten dollars costs.