GOLDSTEIN v. FRUMKES.

(Supreme Court, Appellate Term. December 22, 1911.)

1. COURTS (§ 190*)—MUNICIPAL COURTS—DECISIONS REVIEWABLE—DEFAULT JUDGMENT.

No appeal lies from a default judgment.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. COURTS (§ 190*) — MUNICIPAL COURTS — DECISIONS REVIEWABLE — ORDER OPENING DEFAULT JUDGMENT.

Where the Municipal Court granted defendant's motion to open a default judgment upon condition that he pay $10 to plaintiff, and if those terms were not complied with denying the motion, the order, on a failure to comply therewith, was self-operative, and was appealable, notwithstanding Municipal Court Act (Laws 1902, c. 580) § 257, providing that no appeal shall lie from an order opening a default judgment.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]·

3. COURTS (§ 189*)—MUNICIPAL COURTS—REVIEW—DISCRETION OF COURT.

Where defendant in the Municipal Court, on the calling of his case, submitted an affidavit that his counsel was then actually engaged in trial in the Supreme Court, but the court, instead of granting an adjournment in accordance with the practice in all civil courts in the department, entered judgment against him, and granted his motion to open the default,

on the condition that he pay $10 to plaintiff, such an order cannot be considered just and proper, within any sound discretion.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Adolph Goldstein against Louis Frumkes. From a judgment of the Municipal Court of the City of New York for plaintiff, and from an order granting defendant's motion to open his default on condition that he pay $10 to plaintiff, and, if those terms were not complied with, denying the motion, defendant appeals. Order reversed, and motion to open the default granted.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Frank M. Franklin, for appellant.
Abraham Greenberg, for respondent.

LEHMAN, J. [1] The defendant appeals from a default judgment entered on the 21st day of April, 1911, and from an order denying his motion to open the default herein unless he pays ten dollars costs. The appeal from the judgment must be dismissed, because no appeal lies from a default judgment.

[2] The respondent also claims that the appeal from the order must be dismissed because, under section 257 of the Municipal Court act (Laws 1902, c. 580), "no appeal shall lie in the first instance from an order opening a default and vacating a judgment entered thereon." In this contention I do not agree. The defendant never complied with the order. This order in the case at bar was a self-operative order, and needed no further action of the court in case the defendant failed to comply with the condition. Sutton v. Bayles, 70 Misc. Rep. 522, 127 N. Y. Supp. 432. "The defendant appeals from the order after failure by him to comply with its terms; the order then becoming one denying his motion to open his default, and therefore appealable." Thompson v. Hudson Building, 59 Misc. Rep. 510, 110 N. Y. Supp. 1077, affirmed 126 App. Div. 912, 110 N. Y. Supp. 1147.

Nor do I think that an appeal lies only "where the conditions imposed for opening such default are not only such as the Municipal Court has no power to grant, but are in the nature of things so harsh and unjust as to be a virtual denial of the motion." Lee v. Revolving Airship Tower Co., 127 App. Div. 36, at page 38, 111 N. Y. Supp. 28, at page 30. Such considerations apply to the question whether the order should be affirmed or reversed, but do not apply to the question whether or not the order is appealable. As soon as the defendant failed to comply with the order, it became inoperative as an order opening the default (Koransky v. Greenberg, 136 App. Div. 644, 121 N. Y. Supp. 358; Henschel v. Everett, 67 Misc. Rep. 138, 121 N. Y. Supp. 634) and must thereafter be regarded as an order denying his motion to open the default and as such appealable.

[3] The excuse which the defendant gave for his default was that when the case was called his counsel was actually engaged in the trial of an action in the Supreme Court and that his representative

handed the trial justice an affidavit to this effect. Under the rules of the Supreme Court and the City Court, the defendant was entitled as a matter of right, upon the submission of such an affidavit, to an adjournment. Even if the Municipal Court has no such rule, it would appear that the trial justice, in the exercise of a sound discretion, was bound to grant such an adjournment. Mann v. Hefter, 128 N. Y. Supp. 663. When he failed to grant the adjournment, the defendant had no recourse, except to move to open the default.

Ordinarily, where there has been a real default, due to any voluntary act of the attorney or the litigant, no order imposing terms within the provisions of the statute (Municipal Court Act, § 256), or not so onerous as to amount to a denial of the motion, should be reversed by this court; but where the "default" arises from a ruling of the trial justice entirely at variance with the practice of all civil courts in this judicial department, it seems to me that we should reverse an order imposing even $10 for these costs. Such an order cannot be considered "just and proper," within any sound discretion.

The order should be reversed, and the motion to open the default granted, with costs in this court to appellant to abide the event. All concur.