(78 Misc. Rep. 376.)

## WADLER v. KARPEL.

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

1. COURTS (§ 190\*)—MUNICIPAL COURTS—OPENING DEFAULT JUDGMENT— TERMS—REVIEW.

     Where defendant in an action in the Municipal Court of the City of New York was not in court when the case was called, though it had been adjourned peremptorily for trial on a specified day, and he did not present any excuse under the rules of courts of record or the Municipal Court entitling him to have the case held to await his engagements, the Appellate Term may not interfere with the terms imposed by the Municipal Court, vacating a default judgment on terms.

     [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.\*]

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. APPEAL AND ERROR (§ 113*)—ORDERS APPEALABLE—ORDER VACATING DE-
FAULT JUDGMENT.
    Under the rule·that no appeal lies in the first instance from an order
    opening a default, a defendant, obtaining an order opening a default
    judgment on terms which he considers too onerous, may not appeal from
    the order considered as opening the default on conditions.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 758–
    785; Dec. Dig. § 113.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Max Wadler against David Karpel. From an order vacating a judgment by default for plaintiff on terms, defendant appeals. Dismissed.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Nathan D. Shapiro, of Brooklyn, for appellant.

Joseph Gans, of New York City, for respondent.

LEHMAN, J. The plaintiff has recovered a judgment against the defendant by default. The defendant then moved to vacate the judgment, and for leave to open his default.

[1] The trial judge granted the motion to open his default upon conditions which the defendant considers too onerous. These conditions were entirely within the discretion of the court. The defendant was not in court when the case was called, although it had been adjourned "peremptorily" for trial on that day; nor did he present any legal excuse, either under the rules prevailing in courts of record or in the Municipal Court, entitling him to have the case held to await his engagements. In such a case, we have no right to interfere with the terms imposed by the court· below.

[2] However, in any case, the defendant has no right to appeal from these terms, for no appeal lies in the first instance from an order opening a default. Benvenuta v. Candeloro, 43 Misc. Rep. 684, 88 N. Y. Supp. 357. It is true that we have held that, where an order opens a default upon conditions with which the defendant fails to comply after the time has expired in which these conditions may be complied with, it becomes self-operative as an order denying the motion to open the default, and an appeal lies from the order. Goldstein v. Frumkes,.74 Misc. Rep. 450, 132 N. Y. Supp. 318.

In this case, however, the defendant still regards the order as one opening his default upon conditions, for he urges that we should not consider the merits of the defense, for this has already been passed upon in his favor when his default was opened; and he further urges that, if we feel that the order ·should be affirmed, we should set a day for trial and preserve his rights to comply with the conditions of the order.

The appeal should therefore be dismissed, with $10 costs, and a day set for trial, provided the defendant previously complies with the conditions of the order. All concur.