(84 Misc. Rep. 26)

### DULY v. HERMAN.

(Supreme Court, Appellate Term, First Department. January 8, 1914.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—JUDGMENT—DEFAULT—VACATION— TERMS.

Under the Municipal Court Act (Laws 1902, c. 580, as amended by Laws 1907, c. 304), authorizing the setting aside of a default judgment and setting the case down for hearing, the court has power to set aside a default judgment on the ground that defendant has not been served with process on condition that the case be set down for hearing on a specified day and that defendant give bond to comply with the judgment of the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—JUDGMENT—DEFAULT—VACATION— CONDITION—BOND.

Under the Municipal Court Act (Laws 1902, c. 580, as amended by Laws 1907, c. 304), providing that the court may, as a condition to setting aside a default, require defendant to deposit the amount of the judgment

in court or give an undertaking with "sufficient sureties," the court has no authority to require a surety company's bond.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Ellen Duly against Gussie Herman. From a Municipal Court order vacating a judgment on terms and from an order denying a motion to vacate the judgment for failure to comply with the terms, defendant appeals. Reversed, and motion granted.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Straus & Dworsky, of New York City, for appellant.
S. A. Singerman, of New York City, for respondent.

LEHMAN, J. The plaintiff has recovered judgment against the defendant by default. The defendant then moved to vacate and set aside the judgment on the ground that the defendant was never served with process. The motion was granted, and the case set down for trial on a day certain, on condition that the defendant comply with certain specified terms within a fixed time. The defendant failed to comply with these terms, and thereupon an order was entered denying the original motion.

[1] It is certainly an anomalous proceeding that, where a defendant seeks relief from a judgment obtained without jurisdiction of his person, he can obtain this relief in the lower court only by submitting his person to the court's jurisdiction, and having the case set for a trial, yet, under the construction placed by this court on the Municipal Court Act, the Municipal Court can pass on a motion for such relief only upon such terms. Friedberger v. Stulpnagel, 59 Misc. Rep. 498, 112 N. Y. Supp. 89. The justice below therefore properly set the case down for trial, and the only question that can be raised by this appeal is whether the conditions imposed were proper.

[2] The Municipal Court Act provides that the court may, as a condition, order a defendant to deposit the amount of the judgment in court, or to give an undertaking with "sufficient sureties." In this case, however, the court ordered the giving of a surety company bond as an alternative to the deposit of the amount of the judgment in court. In my opinion, where a defendant shows that he was not served with process, but voluntarily submits to the court's jurisdiction, the court should not impose terms of an onerous nature which may prevent the defendant from obtaining any redress. The imposition of a condition that the amount of the judgment be deposited in court is in my opinion entirely too severe a burden to impose upon a litigant in defendant's situation, and the imposition of the condition of the giving of a surety company bond is, I think, unauthorized. The Municipal Court Act permits the imposition of a bond "with sufficient sureties," and the court has no power to require a corporate surety.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The orders should be reversed, with costs to the appellant to abide the event, and motion to open default granted. Trial set for January 22, 1914. All concur.