STEIN et al. v. COHEN et al.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

COURTS (§ 189*)—MUNICIPAL COURT—CONTINUANCE—ABSENCE OF COUNSEL—ATTENDANCE IN ANOTHER COURT.

Where counsel for defendant in a Municipal Court case is engaged in the trial of a case in the City Court, which was forced to trial in that court, the Municipal Court should hold the case therein subject to the engagement of counsel or grant an adjournment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Hyman Stein and another against Charles Cohen and another. Judgment for plaintiffs, and defendants appeal. Reversed, judgment vacated, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and CO-HALAN, JJ.

Bernard Gordon, of New York City, for appellants.

Goldfein & Weltfisch, of New York City, for respondents.

PER CURIAM. The record in this case is very voluminous, but the only question to be determined is whether or not, when the case was reached for trial in the Municipal Court on June 19, 1914, it should, upon defendants' application, have been again adjourned, or at least held subject to the engagement of defendants' attorney, who, at that time, was actually engaged in the trial of an action in the City Court. This court has repeatedly laid down the rule that cases in the Municipal Court should either be held subject to actual engagement of counsel

in another court, or adjourned, where proof of such engagement is submitted.

The stenographer's minutes, taken upon the inquest in the case at bar, show that an affidavit of the actual engagement of defendants' attorney ·in the City Court was handed up to the trial justice, and an adjournment asked, and the affidavits submitted upon defendants' motion to open their default. also show that defendants' attorney was practically forced into the trial of the action in the City Court, by the peremptory ruling of the justice in that court, that the case, in which defendants' attorney was the attorney for one of the parties, must proceed at once. The situation in which the defendants' attorney found himself was that he was compelled by the ruling of the trial justice to go to trial in both actions. He proceeded to trial in the City Court and endeavored to have the case in the Municipal Court held until the trial in the City Court was concluded. He could do no more.

Order reversed, judgment vacated, and new trial ordered, with costs to appellants to abide the event.