### WOLFF v. STERN.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

COURTS (§ 189\*)—MUNICIPAL COURT—CONTINUANCE—ABSENCE OF COUNSEL—
SHOWING.

An affidavit for the continuance of a case in the Municipal Court, which
stated that the defendant's attorney was then actually engaged in the
trial of a cause in the City Court, and that plaintiff's attorney had been
told not to get ready for trial on that day, is sufficient to entitle the de-
fendant to have the case marked ready, subject to engagement of coun-
sel, or adjourned without costs, and a judgment rendered by default in
such a case will be vacated.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429,
458; Dec. Dig. § 189.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Louis Wolff against Isidore Stern. From an order denying defendant's motion to open a default in the Municipal Court, defendant appeals. Order reversed, judgment vacated, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Nathan Friedman, of New York City, for appellant.

Harry Schulman, of New York City, for respondent.

PER CURIAM. This case was set down for trial in the Municipal Court for June 5, 1914. On June 3d defendant's attorney entered upon the trial of a case in the City Court, and was actually engaged in such trial on June 5, 1914. Upon the call of the calendar in the Municipal Court, when this case was reached, an affidavit showing the actual engagement in the City Court of defendant's attorney was submitted to the justice of the Municipal Court, and an adjournment asked for, which was refused, except upon terms, and an inquest was taken.

Plaintiff's attorney knew upon June 3d that defendant's attorney was about to enter upon the trial of the action in the City Court, and defendant's attorney claims that plaintiff's attorney was told not to get ready for trial upon June 5th. The defendant had appeared in court with his witnesses ready for trial upon May 28th, and the case was adjourned from that day until June 5th solely for the reason that the calendar was so congested that it could not be reached on that day. Upon presentation of the affidavit showing these facts, the case should have been marked ready, subject to engagement of counsel, or, if adjourned, the adjournment should have been without the imposition of costs or payment of witness fees. Goldstein v. Frunkes, 74 Misc. Rep. 450, 132 N. Y. Supp. 318.

Order reversed, default opened, judgment vacated, and new trial ordered, with costs to the appellant to abide the event.