(89 Misc. Rep. 468)

### FELLENI et al. v. CINI.

(Supreme Court, Appellate Term, Second Department.  March, 1915.)

Courts ⬦188—Municipal Courts—Final Order—Vacation—Terms.

Under Municipal Court Act (Laws 1902, c. 580) § 253, providing that, where a final order in a summary proceeding is made without the service of process, the court may upon motion open such default, vacate its final order, "and" set the proceeding down for trial, the court had power to entertain a tenant's motion to vacate such a final order on the ground that the tenant was not served, without the tenant's appearance generally and submission to its jurisdiction, so that, if such motion was granted, the case might be set for trial.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. ⬦188.]

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Municipal Court, Borough of Richmond, Second District.

Summary proceeding by Eugene Felleni and another, as landlords, against Antonio Cini, as tenant, in which there was a final order awarding possession to the landlords. From an order denying the tenant's motion to vacate the final order, the tenant appeals. Reversed, and matter remitted to the Municipal Court.

Argued before JAYCOX, ASPINALL, and KAPPER, JJ.

George P. Foulk, of New York City, for appellant.
Harry Hartman, of New York City, for respondents.

JAYCOX, J. A summary proceeding, in which a final order awarding possession of the premises to the landlord was made. The tenant, by an attorney appearing specially, moves to vacate the final order, upon the ground that the tenant was not served. The motion was denied upon the ground that the court was without power to entertain the motion unless the tenant submitted himself to the jurisdiction of the court, so that, in the event of such motion being granted, the court could set the case down for trial as mentioned in section 253 of the Municipal Court Act. Decisions have been made both ways; the earlier decisions holding that the court had power to entertain the motion and grant the relief prayed for without setting the case for trial, pleading, etc. The later cases hold the opposite, and the decision below is supported by those decisions. Although this procedure has recently been consistently followed, it has not escaped criticism, even at the hands of those who followed it. In Duly v. Herman, 84 Misc. Rep. 26, 145 N. Y. Supp. 900, it is said:

"It is certainly an anomalous proceeding that, where a defendant seeks relief from a judgment obtained without jurisdiction of his person, he can obtain this relief in the lower court only by submitting his person to the court's jurisdiction, and by having the case set for trial, yet, under the construction placed by this court on the Municipal Court Act, the Municipal Court can pass on a motion for such relief only upon such terms."

I can see no reason for perpetuating the anomaly. The act, in my estimation, does not require it. Section 253 of the Municipal Court Act is an enumeration of the powers of the court; but there is nothing in the section requiring the court to exercise all its powers in each instance. It is given power to set aside, vacate, or modify any judgment or final order, or order in any such action or proceeding, and it may stop there. It is also given the power to "set the action or proceeding down for pleading, hearing, or trial, as the case may require." This power is in addition to the power to set aside, vacate, or modify, and the conjunctive "and" is correct. In some instances the power to set aside, vacate, or modify is all that is necessary to afford appropriate relief. In other instances, to afford appropriate relief, the court must set aside or vacate *and* set down for pleading or trial, as the case may require. If the conjunctive "and" so firmly binds one form of the lease to the other that one form cannot be granted without the other, what must the court do when it modifies the judgment? Must it still set the case for pleading or trial? The question answers itself. But

an affirmative answer is the logical result of the present interpretation of this section.

Construed as I have suggested, it is logical, and other anomalous results are avoided. If construed as it has been in the late cases, it produces this result: A tenant, moving, as the tenant moves herein, to set aside a final order on the ground of failure to serve the precept, submits himself to the jurisdiction of the court and has his motion heard on the merits. If the motion is granted, that is an adjudication that the process was not served; but he does not yet obtain any relief appropriate to the situation. He is now in a position where he may have decided again the very question which has just been decided, viz., whether process was served on him or not. He may, under section 248, raise the question of the jurisdiction of the court, and, if he is so fortunate as to have the question decided the same way as before, the petition will be dismissed. The statute provides, and the courts should hold, that the Municipal Court has power in the first instance to vacate a final order and dismiss a petition in summary proceedings, when it is satisfied that the precept was not served.

Order appealed from reversed, with costs, and the matter remitted to the Municipal Court for action, upon the ground that the Municipal Court has power to entertain this motion without the tenant appearing generally and submitting himself to the jurisdiction of the court. Upon the determination of the motion, if it shall be decided that the Municipal Court has not jurisdiction because of failure to serve its process, it has power to afford complete relief by dismissing the petition.

ASPINALL, J., concurs.

KAPPER, J. I concur. We are asked to limit the remedy of a tenant in summary proceedings, who was not served with the precept, and over whom the court, therefore, did not obtain jurisdiction, to an appeal from the final order entered upon his nonappearance under section 311 of the Municipal Court Act. That section permits of an appeal from a judgment rendered in "an action" wherein the defendant did not appear and the summons was not personally served upon him. If we assumed that a summary proceeding was included within the words "an action" contained in section 311, supra, I do not think the tenant is limited to that section for relief. Section 253 of the same act provides that, where a final order in a summary proceeding is made without the service of process, the court or a justice thereof within the district may at any time upon motion open such default and set aside or vacate such final order. The language immediately following viz., "*and* set the ＊ ＊ ＊ proceeding down for pleading, hearing or trial, as the case may require," is claimed to support a ruling that the *only* relief which the Municipal Court can give is to set the proceeding down for pleading, hearing, or trial; in other words, that a party of whose person the court never obtained jurisdiction must submit to the jurisdiction or suffer the taking of his property without due process. Either this, or he must appeal, is the contention.

I appreciate that a number of cases in the Appellate Term, First Department, so hold; but I cannot assent to that view. The purpose of

section 253 is plain enough, and it should not be read so as to command a trial where jurisdiction never was obtained. The claim is unwholesome, and ought not to be upheld by specious reasoning. The words, "and set the action down for pleading," etc., have their use in appropriate cases, but cannot limit the right given by the section to vacate a judgment for lack of jurisdiction. That is what the Legislature intended when it amended section 253 in 1907. Laws 1907, ch. 304.