SOLOMON v. SULTAN FLORE CIGARETTE CO., Inc., et al.

(Supreme Court, Appellate Term, First Department.   June 14, 1915.)

COURTS ⟺189—MUNICIPAL COURT—OPENING DEFAULT—IMPOSITION OF TERMS.
Defendant's attorney in an action in the Municipal Court was trying a case in the Supreme Court on the day set for the trial, and the action was peremptorily set for the next day. On that day defendant presented an affidavit that his attorney was engaged in a case previously set down, and asked for a continuance. The court refused to grant the request, and entered judgment against defendant. On motion the court opened the default, but imposed as conditions a deposit of the amount of the judgment or the giving of a surety company bond. *Held* that, there having been but one adjournment of the case, no terms should have been imposed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ⟺189.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Aaron Solomon against the Sultan Flore Cigarette Company, Incorporated, and others. From an order granting defendants' motion to open their default upon conditions, defendants appeal. Reversed and remanded.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

John J. Halpin, of New York City (Cedric A. Major, of New York City, of counsel), for appellants.
Daniel Maller, of New York City, for respondent.

GUY, J.   Upon November 24, 1914, issue was joined in this case, and it was set down for December 8th for trial. Owing to the actual engagement of defendants' attorney in the trial of a case in the Supreme Court on that day, the case was set down peremptorily for the next day. On that day the defendant presented an affidavit made by his attorney to the effect that another case in the Municipal Court, in which he was engaged, had previously been set down peremptorily for the 9th day of December, and that he was compelled to go in that trial, and he asked that this case be held until the 10th, or be postponed for a week. The court refused to grant this request, and ordered an inquest, which was taken.

Upon the motion to open the default this affidavit was presented, and also one made by the defendant's attorney setting forth the same facts, and one made by one of the defendants containing an affidavit of merits. The court below granted the motion to open the default, but imposed as conditions either the deposit of the amount of the judgment or the giving of a surety company bond. The court clearly had no right to require the giving of a surety company bond. Duly v. Herman, 84 Misc. Rep. 26, 145 N. Y. Supp. 901. There had been but one adjournment of the case, and the facts herein are very similar to those in the case of Stein v. Cohen, 149 N. Y. Supp. 864. Under the circumstanecs disclosed, there should have been no terms imposed.

Order reversed, judgment vacated, and a new trial ordered, with costs to the appellant to abide the event. All concur.