BAIS v. NASH.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

1. JUDGMENT ⚙⟿167—DEFAULT—OPENING—CONDITIONS.
    Where the default of defendant was taken after presentation of an affidavit showing actual engagement of his counsel in federal courts, terms should not be imposed as a condition to opening the default.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 326, 330, 333, 334; Dec. Dig. ⚙⟿167.]

2. APPEAL AND ERROR ⚙⟿1075—WAIVER OF ERRORS—CONSENT.
    Where terms were improperly imposed as condition to the opening of defendant's default, the appellate court will, where defendant in his brief expressed his willingness to accede to some of the terms, allow them to stand.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4253; Dec. Dig. ⚙⟿1075.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by George Bais against Jonathan Nash. From an order granting defendant's motion to open his default, on condition that he

pay costs, deposit the amount of the judgment as security, and consent to take plaintiff's testimony by deposition, defendant appeals. Order modified, and, as modified, affirmed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Bernard Gordon, of New York City (Harry Hartman, of New York City, of counsel), for appellant.

Alex B. Greenberg, of New York City, for respondent.

WEEKS, J. [1] The default of defendant having been taken after the presentation of an affidavit showing actual engagement of counsel in the United States District Court, Eastern District, the imposition of terms was unwarranted. Gotham Raincoat Co. v. Levey (Sup.) 149 N. Y. Supp. 482; Solomon v. Sultan Flore Cigarette Co. (Sup.) 153 N. Y. Supp. 947; Goldstein v. Frumkes, 74 Misc. Rep. 450, 132 N. Y. Supp. 318; Wadler v. Karpel, 78 Misc. Rep. 376, 138 N. Y. Supp. 367; Wolff v. Stern (Sup.) 149 N. Y. Supp. 908.

[2] As appellant upon his brief expresses his willingness, however, to take the deposition of plaintiff, that condition of the order will be allowed to remain.

The order should be modified, by striking therefrom the conditions of the payment of costs and the deposit of the amount of the judgment with the clerk as security, and, as so modified, affirmed, with $10 costs to appellant. All concur.