GRACE W. PARKS, Appellant, v. HOWARD G. WELSCH and ARTHUR J. WELSCH, Respondents, and BREZIRE REALTY Co., INC., Defendant.— Orders reversed upon the law and the facts, with ten dollars costs and disbursements, and motions denied, with ten dollars costs. The orders from which the plaintiff appeals open an " alleged default," as recited in the orders, upon the part of the individual defendants in answering and in otherwise failing to comply with the order of this court ■ which affirmed an order denying defendants' motion to dismiss the plaintiff's complaint upon the ground that it failed to state a cause of action, and grant the defendants' motions to vacate a judgment theretofore entered by the plaintiff against the defendants for the relief demanded in the complaint. The judgment roll discloses that the judgment was entered, not upon default, but upon notice by the plaintiff to the defendants, in opposition to which the defendants appeared and filed an affidavit in opposition thereto. The practice of seeking to review the determination or judgment of one judge at Special Term by another judge at Special Term has been condemned repeatedly. (*Platt* v. *N. Y. & Sea Beach Ry. Co.*, 170 N. Y. 451; *Sloan* v. *Beard*, 125 App. Div. 625; *Norwegian Lutheran Trinity Church* v. *Krelsovitch*, 147 id. 108; *Heischober* v. *Polishook*, 152 id. 193.) Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ., concur.

GEORGE E. PAYNE, Appellant, v. THE CITY OF NEW YORK, Respondent.— Order denying motion to strike out matter alleged as a separate defense in paragraph 6 of answer reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The plaintiff was entitled to rent from the defendant after September, 1911, for the part of the demised premises not acquired by the defendant by condemnation, and the defendant, having paid plaintiff a rental of $850 a year continuously from 1911 to 1926, is to be deemed to have ratified and adopted the apportionment and adjustment made by its deputy comptroller with the plaintiff in 1911 under which such payments were made. Young, Kapper, Scudder and Tompkins, JJ., concur; Lazansky, P. J., dissents.