MARY SCHLEETER, Appellant, v. FERDINAND J. BOMMER, Respondent.— Order modified by striking therefrom all of the ordering paragraphs except the last and by inserting in place thereof the following: Ordered that the defendant be relieved of his default in failing to comply with the order of the Official Referee dated May 15, 1944, upon the payment of the five dollars which was returned to him by the plaintiff and the ten dollars costs imposed by the Special Term order from which this appeal was taken, within ten days after service of a copy of the order of this court with notice of entry thereof, and ordered that upon compliance with the foregoing conditions, the order of the Official Referee denying the motion dated May 31, 1944, because of the noncompliance of the defendant with the terms of the order dated May 15, 1944, be, and it hereby is, vacated, and the order of the Official Referee dated May 15, 1944, shall be deemed to be the order opening the default herein, and defendant deemed to have then complied with the terms of said order, and as so modified the order is hereby affirmed, without costs of this appeal to either party. Memorandum: It is not to be taken by this decision that we approve of the practice of moving at Special Term after the same question has been passed upon by another Special Term but, under the peculiar circumstances shown by this record, we believe the Special Term had power to relieve the defendant from his non-compliance with the order of the Special Term of May 15, 1944, as made by the Official Referee. (Stringer v. Barker, 134 App. Div. 491, 492, 493.) That

order conditionally opened the default. Since defendant defaulted in complying with the terms of that order the default never was opened. (*Koransky* v. *Greenburg*, 136 App. Div. 644.) The order of May 31, 1944, merely carried this into effect. (*Blaustein* v. *Lyons*, 74 Misc. 452, 453; *Stewart* v. *Berge*, 4 Daly 477; *Mitchell* v. *Menkle*, 1 Hilt. 142.) We treat defendant's motion as one to be relieved of his default in complying with the order of the Official Referee of May 15th. All concur, except Harris, J., who dissents and votes for reversal of the order and denial of the motion. (See *Fisher* v. *Hepburn*, 48 N Y. 41; *Parks* v. *Welsch*, 230 App. Div. 734; *Stringer* v. *Barker*, 134 App. Div. 491, *supra*.) (The order grants defendant's motion to vacate an order and judgment of Taylor, Official Referee, and to open defendant's default.) Present — Cunningham, P. J., Taylor, Dowling, Harris and Larkin, JJ.